**In re PENN CENTRAL SECURITIES LITIGATION.**

**No. 56.**

Judicial Panel on Multidistrict Litigation.

Jan. 25, 1971.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A.

ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The financial difficulties of the Penn Central Transportation Company, now the subject of a Section 77 Reorganization proceeding before Judge John P. Fullam in the Eastern District of Pennsylvania, have generated numerous lawsuits by dissatisfied stockholders and bondholders of the related Penn Central companies. Most of these actions are brought by stockholders of the Penn Central Co., holding company for the stock of Penn Central Transportation Co.[1] The plaintiffs allege various violations of common law duties and the federal securities laws by the Penn Central companies, their present and former directors and officers, and a miscellaneous group of stockbrokers, underwriters, accountants and others. Seventeen actions in two districts are now before the Panel[2] on the motion of twenty individual defendants common to most of these actions, proposing transfer of the Southern District of New York actions to the Eastern District of Pennsylvania (Philadelphia) for coordinated or consolidated pretrial proceedings.

 The majority of the parties responding to the motion agree that these cases raise common questions of fact concerning alleged concealment of Penn Central Transportation's financial state by the defendants. More particularly, these actions all contain allegations of sales of Penn Central stock by directors and officers on the basis of inside information concerning Penn Central Transportation, the publication of false and misleading information by the defendants in proxies and other materials, or of related breaches of fiduciary duties and mismanagement. Coordinated or consolidated pretrial proceedings in these cases would eliminate repetitive discovery programs in these common areas, advancing the just and efficient conduct of the litigation and serving the convenience of the parties and witnesses.

The plaintiffs in two actions, however, contend that they are concerned only with bonds issued by The Pennsylvania Company and intend to proceed against only the underwriters and accountants who participated in the issuance of those bonds.[3] At the hearing, however, counsel for one of the plaintiffs conceded that he would have to prove some of the same facts proved in the other actions in order to establish the liability of the accountants and underwriters for misstatements in connection with the bond issue. Although the extent of the factual overlap is not certain, it is sufficient to require these bond cases to be assigned with the other cases for pretrial purposes. The bond-holding plaintiffs may present their arguments for separate treatment to the transferee judge, who is given the discretion to decide the extent of coordination or con-

---

* Judge Joseph S. Lord, III was unable to attend the hearing in this matter but with the consent of all parties participated in this decision.

1. The Penn Central Company is a holding company which owns all of the shares of the Penn Central Transportation Co., the company which actually operates the railroad. Penn Central Transportation in turn holds the stock of the Pennsylvania Co. The cases before us have all been brought by either stockholders of the Penn Central Co. (15 cases) or bondholders of The Pennsylvania Company (2 cases).

2. Eight of these actions are in the Southern District of New York and 9 in the Eastern District of Pennsylvania. In addition, there are at least 8 related cases which have been filed or have come to our attention since the hearing. They are, of course, not subject to this order and will be treated as tag-along cases pursuant to Rule 12.

3. Juster, Inc. v. Penna. Co., S.D. New York, 70 Civ. 4188; Dorfman v. First Boston Corp., E.D.Penna., 70–1845.

solidation desirable in cases assigned to him under Section 1407.[4]

The remaining issue is the selection of the appropriate transferee district. On this question we find the arguments in favor of the Eastern District of Pennsylvania persuasive. The main offices of Penn Central Transportation and its parent, Penn Central, are in Philadelphia. And the records of those companies and Penn Central Transportation's subsidiary, The Pennsylvania Co., are located there. In addition, most of the past and present officers and directors of those companies reside in or near that district. Most importantly, the Section 77 reorganization of Penn Central Transportation is pending in that district before Judge Fullam. The reorganization court and the trustee appointed by it have custody and control of the records of the debtor corporation, 11 U.S.C. § 205, and will be drawing heavily on the time of both present and former officials of the debtor and related companies. Coordination of these cases with the reorganization proceeding is thus essential to their efficient management and can be most easily effectuated by transfer to the Eastern District of Pennsylvania. See In re Westec Corp., 307 F.Supp. 559 (Jud.Pan.Mult.Lit.1969); Schneider v. Sears, 265 F.Supp. 257 (S.D.N.Y.1967) (involving a § 1404(a) transfer in a similar situation).

We conclude, however, that these cases should not be assigned to the judge who has responsibility for the reorganization proceedings.[5] In addition to the question of whether any one judge would be equal to the mammoth task of supervising pretrial proceedings in the stockholder cases and the Section 77 reorganization, see In re Antibiotic Drug, 320 F.Supp. 586 (Jud.Pan.Mult.Lit. 1970), there is the question of possible conflicts of duties to which such an assignment might give rise. The very purpose of the reorganization proceedings is to avoid liquidation of the corporate debtor and to work out a plan of reorganization for its rehabilitation. See generally, S.E.C. v. American Trailer Rentals, 379 U.S. 594, 605, 85 S.Ct. 513, 13 L.Ed.2d 510 (1965). For this reason the reorganization court is given a number of special powers aimed at conserving the debtor's assets, including the power to stay and enjoin litigation against the debtor, 11 U.S.C. § 205. If these cases were assigned to the reorganization judge, he would also have the responsibility of expeditiously conducting pretrial proceedings in these cases in which the stockholders seek discovery from the personnel and records of the debtor corporation and its related corporations. Even if a judge were capable of carrying out these objectives simultaneously, the appearance of conflict which such an assignment presents should be avoided. Transfer of these cases to another judge in the Eastern District of Pennsylvania will make possible the necessary coordination of their pretrial with the reorganization proceedings without subjecting the reorganization judge to the possibility of conflicting duties.

Judge Joseph S. Lord, III, of the Eastern District of Pennsylvania to whom the first of the cases in that district was assigned, has agreed to accept the assignment of all cases. It is therefore ordered that the actions listed on the attached Schedule A pending in districts other than the Eastern District of Pennsylvania are hereby transferred to the Eastern District of Pennsylvania

---

4. We also reject the argument of the Pennsylvania plaintiff that the Panel in its order of transfer should specify that only coordinated, rather than consolidated, pretrial proceedings should be held in the transferee court. It would be both unwise and unnecessary for us to anticipate the most desirable manner of conducting pretrial in these cases.

5. 28 U.S.C. § 1407(b) provides, in pertinent part:
Such coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation.

pursuant to 28 U.S.C. § 1407. With the written consent of that court, all related actions are hereby assigned to the Honorable Joseph S. Lord, III, for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

### Eastern District of Pennsylvania

| | |
|---|---|
| Minnie Dorfman v. First Boston Corp., et al. | Civil Action No. 70–1845 |
| Mayer S. Reich v. Butcher, Butcher & Sherrerd, et al. | Civil Action No. 70–2005 |
| Richard S. Robinson, et al. v. Penn Central Company, et al. | Civil Action No. 70–2010 |
| Edward Perry v. Butcher, Butcher & Sherrerd, et al. | Civil Action No. 70–2137 |
| Herbert Cook, et al. v. Penn Central Co., et al. | Civil Action No. 70–2505 |
| Philip Baron and Ann Nemser v. Stuart Saunders, et al. | Civil Action No. 70–2596 |
| Richard S. Robinson, et al. v. Howard Butcher, III, et al. | Civil Action No. 70–2696 |
| Richard S. Robinson, et al. v. Peat, Marwick, Mitchell & Co., et al. | Civil Action No. 70–2320 |
| Rebecca Lowey, et al. v. David C. Bevan, et al. | Civil Action No. 70–2818 |

### Southern District of New York

| | |
|---|---|
| Florence Howitt v. Saunders, et al. | Civil Action No. 70–3027 |
| Louis W. Goodkind v. Penn Central Co., et al. | Civil Action No. 70–3140 |
| Robert Ullman, et al. v. Saunders, et al. | Civil Action No. 70–3148 |
| Samuel Finkelstein v. Bevan, et al. | Civil Action No. 70–3273 |
| Ann Nemser v. Smucker & Penn Central Co. | Civil Action No. 70–3302 |
| Samuel Finkelstein v. Bevan, et al. | Civil Action No. 70–3856 |
| Jacob Miller, et al. v. David Bevan, et al. | Civil Action No. 70–3730 |
| Juster, Inc. v. The Pennsylvania Co., et al. | Civil Action No. 70 Civ. 4188 |