### In re PENN CENTRAL SECURITIES LITIGATION.

### *No. 56.*

Judicial Panel on Multidistrict Litigation.

April 9, 1971.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, ED-WARD WEINFELD, WILLIAM H.

BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL *, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

On January 25, 1971, the Panel considered seventeen actions involving alleged securities law violations growing out of the financial difficulties of the Penn Central Transportation Company and ordered that coordinated or consolidated pretrial proceedings be held in the Eastern District of Pennsylvania pursuant to section 1407. In re Penn Central Securities Litigation, 322 F.Supp. 1021 (Jud.Pan.Mult.Lit., 1971). The fifteen cases now before us came to the attention of the Panel thereafter and were conditionally transferred to the Eastern District of Pennsylvania for section 1407 pretrial proceedings with the initial group of cases. Within the time allotted by the Panel's Rule 12, 50 F.R.D. 203, many of the parties to these cases indicated their opposition to transfer and on March 26, 1971, a hearing was held, after notice to the parties, on the question of transfer. We have concluded that none of these cases should be transferred to the Eastern District of Pennsylvania, but that one group of cases, the commercial paper cases, is appropriate for section 1407 pretrial proceedings, in the Southern District of New York.

### I.

Our discussion will be facilitated by a classification of all cases now before the Panel into three categories. The first group consists of twelve cases in four districts arising from the sale of Penn Central Transportation Company's commercial paper by Goldman, Sachs & Co.[1]

---

* Judge Weigel did not participate in the decision in this matter.

1. At the time the Transportation Company entered reorganization, it had outstand-ing approximately $82,530,000 of commercial paper, all sold by Goldman, Sachs to approximately sixty holders. Additional actions are expected to be filed by other purchasers.

The plaintiffs in these cases allege that they purchased short-term promissory notes of the Transportation Company from Goldman, Sachs and that the paper became worthless when the Transportation Company subsequently filed its petition in reorganization.[2] They further allege that Goldman, Sachs violated the securities laws in connection with these sales by misstating or omitting to state material information possessed by it concerning the financial health of the Transportation Company.

■ Virtually all parties to these cases agree that they raise common questions of fact concerning Goldman, Sachs' liability, and more particularly, concerning the statements actually made by Goldman, Sachs and the knowledge possessed by it concerning the Transportation Company's financial affairs. We agree and conclude that the convenience of the parties and witnesses and the just and efficient conduct of the litigation would be served by section 1407 pretrial proceedings.

■ The disputed question is whether these cases should be sent to Philadelphia for pretrial proceedings with the previously-transferred cases or transferred to some other forum. We conclude that the commercial paper cases are sufficiently different from the earlier cases that neither the convenience of the parties and witnesses nor the just and efficient conduct of the litigation would be served by their transfer to Philadelphia. These cases rest on a different set of primary facts than the earlier cases. They all turn primarily on the conduct and knowledge of Goldman, Sachs as a principal

rather than the alleged insider trading, mismanagement and breaches of fiduciary duty within the Penn Central companies involved in the earlier cases. Of course, the full development of these cases may require investigation of factual areas covered in Philadelphia. Whatever efficiencies might result in these limited areas from transfer, however, would be outweighed by the need for separate treatment of the major portion of these cases and the difficulty which any transferee judge would face in attempting to meet such needs in an unduly large and complex group of cases. See, In re Antibiotic Drug Litigation, 320 F.Supp. 586 (Jud.Pan.Mult.Lit. 1971).

Since these cases are to be treated separately, we think the Southern District of New York is the most appropriate transferee forum. As plaintiffs note, the majority of cases are pending there and Judge David N. Edelstein, to whom a number of the cases have been assigned for all purposes, has become familiar with the litigation while supervising the considerable discovery obtained in the cases before him.

■ The disposition of these cases is somewhat complicated by the existence of third-party claims by Goldman, Sachs in nine of these cases naming the Penn Central Company, the Transportation Company, the Pennsylvania Company, Peat, Marwick, Mitchell & Co., and various officials of the Penn Central companies as third-party defendants.[3] The allegations of these claims are identical to those asserted against the same defendants in the Philadelphia cases and even those opposed to transfer of the claims against Goldman, Sachs agree on

2. Two additional cases in this category, Beedlo Corp. v. Goldman, Sachs & Co., Civil Action No. 70 Civ. 3421 (S.D.N.Y.) and Homestake Mining Co. v. Goldman, Sachs & Co., Civil Action No. C–71–76 GSL (N.D.Cal.), were transferred to Philadelphia pursuant to the Panel's Rule 12, without opposition. The Panel has the power to remand these actions, however,

see 28 U.S.C. § 1407(a), and they will be governed by the Panel's disposition of the cases in which oppositions to transfer were received.

3. Third-party claims are also asserted in the *Beedlo* and *Homestake* actions, see n. 2, *supra*.

the desirability of sending these third-party claims to Philadelphia. Accordingly, the third-party claims will be separated and transferred to the Eastern District of Pennsylvania. Thus pretrial proceedings relating to the claims between the holders of Penn Central commercial paper and Goldman, Sachs (and related defendants) will be conducted by Judge Edelstein in New York while pretrial proceedings relating to the third-party actions brought by Goldman, Sachs will be conducted by Judge Lord in Philadelphia.

## II.

The second category of cases is composed of two actions filed in the Southern District of New York alleging securities law violations by a group of banks, underwriters and mutual funds in the sale of common stock of the Penn Central Company. They allege that the defendants, between April 28, 1970 and June 21, 1970, sold the common stock of that company with knowledge of its deteriorating financial condition not generally available to the public. In connection with their claim, plaintiffs seek to represent a class composed of all purchasers of common stock during that period.

■ These two cases are not appropriate for transfer to the Eastern District of Pennsylvania. The central questions of fact in these cases involve the misrepresentation and omissions of the defendant institutions and, as in the commercial paper cases, are at least one step removed from the facts of the Philadelphia cases, which involve the misrepresentation, omissions and misdeeds of the Penn Central companies and their officers and directors.

■ To the extent that common areas of discovery and conflicting class determinations are possible, suitable procedures are available short of transfer under section 1407. Under Rule 2 of the General Rules of the Southern District of New York, the parties may apply for assignment of the cases to one judge, and, if upon application one is assigned, he would be in a position to coordinate discovery proceedings in those actions with the proceedings before Judge Lord in Philadelphia. See Manual for Complex and Multidistrict Litigation, § 5.32[1].

## III.

■ The final category consists of a single case, the *Kaminsky Case*, commenced in September of 1968. It alleges that Howard Butcher III, then a member of the Board of Directors of the Penn Central Company, used inside information concerning the company for the benefit of himself and customers of his brokerage firm, Butcher & Sherrerd. Recovery is sought from these two parties and from the Penn Central companies and their officers and directors. Although it appears that both plaintiffs and defendants have failed to prepare this case for trial expeditiously, it is so close to readiness now that we believe it best to leave it in the Southern District of New York.

It is therefore ordered that all actions in the attached Schedule A containing third-party claims by the defendant Goldman, Sachs be, and the same are, hereby transferred to the Eastern District of Pennsylvania and, with the prior consent of that Court, assigned to the Honorable Joseph S. Lord, III for coordinated or consolidated pretrial proceedings pursuant to section 1407.

It is further ordered that all third-party claims asserted by the defendant Goldman, Sachs & Co., in the actions in Schedule A and in Beedlo Corp. v. Goldman, Sachs & Co., Civil Action No. 70 Civ. 3421 (S.D.N.Y.) and Homestake Mining Co. v. Goldman, Sachs & Co., Civil Action No. C-71-76 GSL (N.D. Cal.), presently pending before Judge Lord, be, and the same are, hereby sep-

arated from the remainder of those actions and the remainder of those actions, including the *Beedlo* and *Homestake* actions, are remanded to the districts in which they were filed.

It is further ordered that all actions in Schedule A (other than those pending in the Southern District of New York) and the *Beedlo* and *Homestake* actions be, and the same are, hereby transferred to the Southern District of New York and, with the permission of that Court, assigned to the Honorable David N. Edelstein for coordinated or consolidated pretrial proceedings pursuant to section 1407.

It is further ordered that the Clerks of the Southern District of New York, Northern District of California, Eastern District of North Carolina, District of South Carolina and the Eastern District of Pennsylvania prepare duplicates of the files of the civil actions in Schedule A pending in their districts and forward one duplicate file in each of said actions to the Clerk of the transferee district, which in respect to each action is as follows:

| Transferor District | Transferee District |
| --- | --- |
| **Southern District of New York** | |
| *Welch Foods, Inc.* (70 Civ. 4811) | E.D. Pa. |
| *Good Hope Corp.* (71 Civ. 191) | E.D. Pa. |
| *Pratt Institute* (71 Civ. 190) | E.D. Pa. |
| *College Life Insurance Co.* (71 Civ. 381) | E.D. Pa. |
| *Getty Oil* (71 Civ. 547) | E.D. Pa. |
| *Walt Disney Productions* (71 Civ. 575) | E.D. Pa. |
| *Diller-Encino Co.* (71 Civ. 660) | E.D. Pa. |
| **Northern District of California** | |
| *American Automobile Insurance Co.* (C–70–2449–GSL) | E.D. Pa.; S.D. N.Y. |
| **Eastern District of North Carolina** | |
| *Thorpe & Ricks, Inc.* (Civ. No. 1214) | E.D. Pa.; S.D. N.Y. |
| **District of South Carolina** | |
| *Clinton Mills* (No. 71–181) | S.D. N.Y. |
| **Eastern District of Pennsylvania** | |
| *Beedlo Corp.* (71–444) (S.D. N.Y. CA No. 70 Civ. 3421) | S.D. N.Y. |
| *Homestake Mining Co.* (71–488) (N.D. Cal. CA No. C–71–76–GSL) | S.D. N.Y. |

It is further ordered that the conditional transfer orders entered in the actions listed on the attached Schedule B be, and the same are hereby vacated.

## SCHEDULE A

### Southern District of New York

| | |
|---|---|
| Welch Foods Inc., et al. v. Goldman, Sachs & Co. | Civil Action No. 70 Civ. 4811 |
| Good Hope Corp. v. Goldman, Sachs & Co., et al. | Civil Action No. 71 Civ. 191 |
| Pratt Institute v. Goldman, Sachs & Co., et al. | Civil Action No. 71 Civ. 190 |
| College Life Insurance Company of America v. Goldman, Sachs & Co. | Civil Action No. 71 Civ. 381 |
| Getty Oil v. Goldman, Sachs & Co. | Civil Action No. 71 Civ. 547 |
| Walt Disney Productions v. Goldman, Sachs & Co. | Civil Action No. 71 Civ. 575 |
| University Hill Foundation v. Goldman, Sachs & Co. | Civil Action No. 71 Civ. 1166 |
| Olympia Brewing Company v. Goldman, Sachs & Co. | Civil Action No. 71 Civ. 1125 DNE |
| Diller-Encino Co., et al. v. Goldman, Sachs & Co., et al. | Civil Action No. 71 Civ. 660 |

### Northern District of California

| | |
|---|---|
| American Automobile Insurance Co. v. Goldman, Sachs & Co. | Civil Action No. C–70–2449–GSL |

### Eastern District of North Carolina

| | |
|---|---|
| Thorpe & Ricks, Inc. v. Goldman, Sachs & Co., Inc. | Civil Action No. 1214 |

### District of South Carolina

| | |
|---|---|
| Clinton Mills, Inc. v. Goldman, Sachs & Co. | Civil Action No. 71–181 |

## SCHEDULE B

### Southern District of New York

| | |
|---|---|
| Harry Lewis v. Robert S. Odell, et al. | Civil Action No. 68 Civ. 3558 |
| Dura-Bilt Corp. v. Chase Manhattan Bank, et al. | Civil Action No. 70 Civ. 4906 |
| George Starkman & Jean Starkman v. Chase Manhattan Corp. | Civil Action No. 70 Civ. 4666 |