In re PENN CENTRAL SECURITIES LITIGATION.

*Byron Williams, et al. v. The Pennsylvania Co., et al.,* Northern District of Texas, Civil Action No. CA–3–4859–D.

No. 56.

Judicial Panel on Multidistrict Litigation.

Nov. 4, 1971.

---

Before ALFRED P. MURRAH *, Chairman and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The civil litigation involving the Penn Central Company's financial affairs has been the subject of two previous Panel Opinions. In January 1971, the Panel transferred eight actions brought by holders of the stocks and bonds of the Penn Central companies to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with nine similar actions pending there. In re Penn Central Securities Litigation, 322 F.Supp. 1021 (Jud.Pan.Mult.Lit.1971). All actions were assigned to Judge Joseph S. Lord, III, of that district. In April of 1971 the Panel concluded that twelve cases arising from the sale of

* Although Judge Murrah was not present at the hearing he has, with the consent of all parties, participated in this decision.

Penn Central's commercial paper by Goldman, Sachs & Co. were sufficiently different from the stockholder and bondholder actions to require separate pretrial proceedings under Section 1407.[1] In re Penn Central Securities Litigation, 325 F.Supp. 309 (Jud.Pan.Mult.Lit. 1971). These cases were transferred to the Southern District of New York and assigned to Chief Judge David N. Edelstein of that district. Since the time of these opinions, forty-two additional actions and third-party claims have been transferred to Pennsylvania and four actions to New York by Conditional Transfer Orders entered pursuant to the Panel's Rule 12.

Plaintiffs in the above-captioned action, joined by two defendants, have moved to vacate the conditional order of transfer to Philadelphia entered in their case. Several individual and corporate defendants oppose that motion and support transfer to Philadelphia. After considering the arguments advanced by the parties in their pleadings and at the hearing in this matter, the Panel has concluded that the *Williams* action must be transferred to the Eastern District of Pennsylvania.

The *Williams* case is brought by two minority shareholders of Great Southwest Corporation (GSC), a subsidiary of The Pennsylvania Company. The Pennsylvania Company (Pennco) is a subsidiary of the Penn Central Transportation Company, now the subject of a Section 77 Reorganization in the Eastern District of Pennsylvania. The plaintiffs assert derivative claims on behalf of GSC and class representation claims on behalf of all minority shareholders of that corporation. More than 130 defendants are named in their complaint, which numbers 131 pages and is said by plaintiffs to state four basic causes of action. The first cause of action consists of allegations that Pennco and others caused GSC to interlock directorships with Macco Corporation, one of GSC's competitors, in a manner violative of the Clayton and Sherman Acts. Second, the 1969 merger of Macco into GSC is alleged to have been unfair to GSC and in violation of both the antitrust and federal securities laws. Third, plaintiffs allege that a Tax Allocation Agreement was fraudulently imposed on GSC by Pennco to GSC's detriment. And finally, Pennco is said to have conspired with a "consortium" of banks to loot GSC, defraud the minority shareholders, manipulate the price of its stock and vest control in the banks rather than the directors or bankruptcy trustees.

Plaintiffs argue that their action involves only the affairs of GSC, that the focus of the litigation will be in Texas where GSC is incorporated, and that they have only a minimal amount of discovery remaining to complete. Although the complaint includes allegations concerning Penn Central Transportation and its reorganization, these are said to be only background for the central allegations concerning GSC.[2]

The defendants supporting transfer have persuasively argued that many of the issues in the *Williams* case are common to the Philadelphia cases. For example, the general question of the nature of the relationship between GSC and Pennco is of importance in all cases. Two of the actions in Philadelphia[3] were brought by bondholders of Pennco who assert that misstatements were made in the offering circular for the bonds, including misstatements concerning GSC.

---

1. The third-party claims asserted in these actions by Goldman, Sachs against the Penn Central Co. and related defendants were severed from the remainder of the actions and transferred to the Eastern District of Pennsylvania for pretrial proceedings with the cases earlier transferred to Judge Lord. Transfer in several unrelated actions involving Penn Central was denied.

2. A similar position on the question of transfer has been taken by defendant Charles J. Hodge.

3. Dorfman v. First Boston Corp., et al., E.D.Pa., Civil Action No. 70–1845; Juster, Inc. v. Pennsylvania Co., et al., E.D.Pa., Civil Action No. 71–269.

And other complaints in Philadelphia contain more general allegations questioning the diversification of the Penn Central companies into nonrailroad enterprises and alleging the mismanagement of those subsidiaries. Since GSC was apparently one of Pennco's most valuable investments, development of the facts concerning GSC will obviously be important to these allegations. In particular, the plaintiffs in all cases will be concerned with the validity of the Tax Allocation Plan and other obligations GSC owed Pennco, the extent of Pennco's ownership of GSC and the propriety of its treatment of GSC in its financial statements.

It seems clear that if the *Williams* case is allowed to proceed independently in Texas, the discovery efforts in that action will duplicate discovery needed in the Philadelphia cases. As Pennco points out, it is also possible that if these cases proceed in two different districts, inconsistent pretrial rulings may be made concerning the accuracy of Pennco's financial statements and the validity of its ownership interest in and Tax Allocation Agreement with GSC. To avoid the needless duplication of time and effort and the threat of inconsistent pretrial rulings, the *Williams* case must be transferred to Philadelphia.[4]

Although conceding that there may be questions of fact common to *Williams* and the Philadelphia cases, defendant Glore Forgan Wm. R. Staats, Inc. has expressed its opposition to the unconditional transfer of *Williams*. Glore Forgan apparently fears that tag-along cases following in the wake of the Panel's initial order of transfer will not be given the same factual analysis that the initial groups of actions received. It argues that there are sufficient individual features in *Williams* to require that any transfer be on the express condition that the case proceed separately from the others.

As we have stated, our analysis of the allegations of the *Williams* complaint has convinced us that there are sufficient common questions of fact to require its transfer to Philadelphia for the convenience of the parties and witnesses and the just and efficient conduct of the litigation. We think it is unnecessary for the Panel to impose conditions on that transfer. The transferee judge, by virtue of his day-to-day contact with the assigned litigation, is in the best position to determine the practicality of coordinating pretrial proceedings in a tag-along case such as this with the pretrial proceedings in the other cases.

It is therefore ordered that the Motion to Vacate the Conditional Transfer Order in the above action is denied and that the stay of execution is lifted.

It is further ordered that the above action be, and hereby is, transferred to the Eastern District of Pennsylvania and assigned to the Honorable Joseph S. Lord, III for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.

---

4. We note that the Pennsylvania Company, in addition to its response urging transfer of this action, has filed with the Panel a motion requesting that all proceedings except service of process be suspended in *Williams*. Although the question is mooted by the entry of this Opinion and Order, we wish to note that Section 1407 limits the Panel's authority to the transfer of related cases for coordinated or consolidated pretrial proceedings. And Rule 13(f) of the Rules of Procedure provides:

> The issuance of a show cause or hearing order does not affect or suspend orders and discovery proceedings in the district courts in which the cases are pending.

The Panel's experience indicates that the use of stay orders by the district courts, particularly in the area of discovery, is usually undesirable. Any discovery obtained prior to the Panel decision will benefit the parties to the action if transfer is denied and will presumably be made available to all other parties if transfer is ordered. *Cf.*, Manual for Complex and Multidistrict Litigation, § 1.1. A stay of proceedings concerning questions common to all cases, such as class representation, may be appropriate to preserve the question for the transferee judge and to avoid inconsistent judicial rulings. *See*, In re Plumbing Fixtures Litigation, 298 F.Supp. 484 (Jud.Pan.Mult.Lit.1968).