In re PENN CENTRAL COMMERCIAL PAPER LITIGATION.

Alex SHULMAN v. SEATTLE-FIRST NATIONAL BANK, et al., W.D. Washington, Civil Action No. 9760.

No. 56A.

Judicial Panel on Multidistrict Litigation.

Feb. 7, 1972.

Before ALFRED P. MURRAH *, Chairman and JOHN MINOR WISDOM, EDWARD WEINFELD *, EDWIN A. ROBSON *, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

Alex Shulman allegedly purchased commercial paper of the Penn Central Transportation Company from the Seattle-First National Bank which had, in turn, purchased the paper from Goldman, Sachs & Co. When the Transportation Company entered into reorganization and the note held by him was not paid, Shulman brought an action against Goldman, Sachs in the Southern District of New York to recover on the note. The Panel subsequently transferred all other actions then pending involving Goldman, Sachs' sale of the Transportation Company's commercial paper to the Southern District of New York for pretrial proceedings with the cases pending there. In re Penn Central Securities Litigation, 325 F.Supp. 309 (J.P.M.L. 1971).

Several months later Shulman brought the present action against the Seattle-First National Bank in the Western District of Washington, alleging that the bank had violated state and federal securities laws in connection with the sale of the note to him and seeking recovery on the note. The bank then filed a third-party complaint against Goldman, Sachs and its partners, praying for recovery from Goldman, Sachs of any damages recovered from the bank by Shulman.

Because of the apparent factual relationship between Shulman's Washington action and the cases pending in the Southern District of New York, an order was entered conditionally transferring the Washington action to New York for pretrial proceedings. Shulman now moves to vacate that order. Seat-

---

* Although Judges Murrah, Weinfeld and Robson were not present at the hearing, they have, with the consent of all parties, participated in this decision.

tle-First National Bank and Goldman, Sachs oppose that motion and support transfer. On the basis of the briefs and arguments, we are satisfied that extensive common issues of fact exist and that the convenience of the parties and witnesses to this action and its just and efficient conduct will be furthered by its transfer to New York.

Shulman's attempts to distinguish his complaint from the complaints in the actions already pending in the Southern District of New York are unavailing. First, he claims that his action is based on the theory that the bank's recommendation of investment in the paper was an *ultra vires* contract in violation of the National Banking Act, 12 U.S.C. §§ 21, et seq. Shulman's complaint speaks only of violations of the state and federal securities laws, but in any event a difference in legal theories is of no consequence if all theories involve common questions of fact.

Shulman also denied the existence of common questions of fact, however, contending that the Washington action turns on questions concerning Seattle's knowledge of the Penn Central Transportation Company and its advice to Shulman. As Seattle and Goldman, Sachs stress, however, there is a great deal of similarity between Shulman's Washington complaint and the complaints filed in the New York actions. All are premised on allegations concerning Penn Central Transportation's financial condition and the information which a vendor of its commercial paper should have had in January of 1971. And many similar allegations are made concerning Goldman, Sachs' knowledge of Penn Central Transportation's financial condition and misrepresentations and omissions made by Goldman, Sachs in connection with the sale of the commercial paper.

In addition, it appears certain that the Washington action against the bank has additional questions of fact in common with the bank's third-party action (which all parties agree should be transferred to New York) and Shulman's New York action against Goldman, Sachs. Goldman, Sachs and Shulman will both be interested in developing the factual basis for any purchase recommendations made by the bank and both Shulman and the bank will wish to secure the same information concerning Goldman, Sachs' relationship with Penn Central Transportation. And it is also clear that both the bank and Goldman, Sachs will want discovery of the same information from Shulman concerning his purchase.

The convenience of the parties and witnesses as well as the just and efficient conduct of the litigation will be served by transfer since the extensive common issues of fact will otherwise result in duplication of discovery efforts. Transfer will be particularly convenient for the parties since both plaintiff Shulman and third-party defendant Goldman, Sachs are already engaged in the New York proceedings. And, finally, transfer of this action against the bank, as intermediate purchaser will not unduly enlarge the scope of pretrial proceedings in New York. Goldman, Sachs points out that other intermediate purchaser banks are present in other actions in New York as both plaintiffs and defendants.

It is therefore ordered that the above-captioned action be and the same hereby is transferred to the Southern District of New York and, with the prior consent of that court, assigned to the Honorable David N. Edelstein for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.