349 F.Supp. 1029 (1972)
In re PENN CENTRAL SECURITIES LITIGATION.
Byron Williams et al. v. Pennsylvania Co. et al. (N. D. Texas, No. CA 3-4859-D.) E.D.Pennsylvania, Civil Action 72-2838.
No. 56.
Judicial Panel on Multidistrict Litigation.
October 2, 1972.
*1030 Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD[*], EDWIN A. ROBSON[*], WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL[*], Judges of the Panel.

OPINION AND ORDER
PER CURIAM.
This derivative and class action on behalf of Great Southwest Corp. and its minority stockholders was transferred to the Eastern District of Pennsylvania in 1971 as a tag-along case in the Penn Central Securities Litigation. In re Penn Central Securities Litigation, 333 F.Supp. 382 (Jud.Pan.Mult.Lit.1971). Plaintiff Williams recently filed a motion to remand his action to the Northern District of Texas for the completion of pretrial proceedings and trial. Several defendants have opposed that motion.[1] On the basis of the briefs and arguments, we deny the motion for remand without prejudice to its later consideration on the suggestion of the transferee judge or the motion of a party, pursuant to the Panel's newly revised Rule 15.[2]
Great Southwest is a subsidiary of the Pennsylvania Co. (Pennco) which in turn is a subsidiary of the Penn Central Transportation Co., now in reorganization in the Eastern District of Pennsylvania. The minority stockholders of Great Southwest assert four basic claims against 130 defendants, including Pennco, Penn Central Transportation, and a large number of investment houses, banks and individuals. Each of the four claims explores some aspect of the relationship between Pennco and Great Southwest. Two of the claims relate to Great Southwest's interlocking directorships and eventual merger with a competitor, allegedly at the direction of Pennco and in violation of federal antitrust and securities laws. Williams also alleges Pennco fraudulently imposed a Tax Allocation Agreement on Great Southwest for the benefit of the banks, looting the corporation and injuring the minority stockholders.
In ordering the transfer of the Williams action, we concluded that many of the issue of fact raised by Williams were common to the Penn Central actions already consolidated in the Eastern District of Pennsylvania. In re Penn Central Securities Litigation, supra. We noted that the question of Great Southwest's relationship with Pennco was the subject of inquiry in several actions and that the Williams' allegations concerning Great Southwest, one of Pennco's most valuable investments, were but a specific illustration of more general allegations in other cases concerning the Penn Central diversification program and alleged mismanagement of subsidiaries. To avoid needless duplication of discovery and possibly inconsistent pretrial rulings, we ordered the Williams action transferred to the Eastern District of Pennsylvania.
Williams advances the same arguments in support of remand that were advanced in opposition to the initial transfer. He asserts that, while his allegations peripherally involve Pennco and Penn Central Transportation, development of his case will mainly involve documents and witnesses relating exclusively to Great Southwest. Williams suggests that the overlap in discovery be remedied by ordering remand to the Northern District of Texas with the express direction to coordinate discovery *1031 with that taking place in the Eastern District of Pennsylvania.
The factual interrelationships already described in our first opinion and order require that the Williams case continue under the supervision of the transferee judge. And we agree with defendants opposing remand that nothing has occurred since that opinion and order which requires the remand of the action. It is possible, however, that some future developments in the litigation may make reconsideration of the remand question necessary and we make this denial of remand without prejudice to such later consideration. For this reason we call the attention of the parties to the newly revised Rule 15, providing for the entry of conditional remand or show cause orders on the suggestion of the transferee judge or, alternatively, the filing of a motion for remand by any party.
It is therefore ordered that the motion to remand the action entitled Byron Williams, et al. v. Pennsylvania Co., et al., E.D.Pennsylvania, Civil Action No. 72-2838, be, and the same hereby is, denied without prejudice.

APPENDIX

RULE 15

Termination and Remand
In the absence of unusual circumstances,
(a) Actions terminated in the transferee court by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, shall not be remanded by the Panel and shall be dismissed by the transferee court. The clerk of the transferee court shall send a copy of the order terminating the action to the Clerk of the Panel and to the clerk of the transferor court but shall retain the original files and records unless otherwise directed by the transferee judge or by the Panel.
(b) Each transferred action that has not been terminated in the transferee court will be remanded to the transferor district for trial, unless ordered transferred by the transferee judge to the transferee or other district under 28 U. S.C. § 1404(a) or 28 U.S.C. § 1406. In the event that the transferee judge transfers an action under 28 U.S.C. §§ 1404(a) or 1406, an order of remand shall not be necessary to authorize further proceedings including trial.
(c) The Panel shall consider remand of each transferred action or any separable claim, cross-claim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on
(i) motion of any party;
(ii) suggestion of the transferee court; or,
(iii) its own initiative, by entry of an order to show cause, a conditional remand order or other appropriate order.
(d) If remand is sought by motion of a party, the motion shall be accompanied by:
(i) An affidavit reciting that all common discovery and other pretrial proceedings have been completed in the action sought to be remanded and that all orders of the transferee court have been satisfactorily complied with or that remand is otherwise appropriate; and
(ii) A copy of the transferee court's final pretrial order, where such order has been entered.
Motions to remand and responses thereto shall be governed by Rules 4, 5, 6, 7 and 8 of these Rules.
(e) When an order to show cause why an action or actions should not be remanded is entered pursuant to paragraph (iii) of Rule 15(c), any party may file a response and accompanying brief within fifteen days of the filing of said order unless otherwise provided for in the order. Within five days of receipt of a party's response or brief, any party may file a reply brief limited to new matters. Responses and replies shall be filed and served in conformity with Rules 4, 5, 6, 7 and 8 of these Rules.
*1032 (f) Conditional Remand Orders
(i) When the Panel has been advised by the transferee judge that pretrial proceedings in the litigation assigned to him are concluded or that remand of an action or actions is otherwise appropriate, an order may be entered by the Clerk of the Panel remanding the action or actions to the transferor court. The Clerk of the Panel shall distribute a copy of the order to each party to the litigation but, in order to afford all parties the opportunity to oppose remand, shall not send the order to the clerk of the transferee court for fifteen days from the entry thereof.
(ii) Any party opposing the remand shall file a Notice of Opposition with the Clerk of the Panel within the fifteen-day period. If a Notice of Opposition is received by the Clerk of the Panel within this period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee court until further order of the Panel.
(iii) Within fifteen days of the filing of its Notice of Opposition, the opposing party shall file and serve on all parties a motion to vacate the conditional remand order and brief in support thereof. Any party desiring to respond shall serve and file an answering brief on all parties within fifteen days after service of said motion to vacate. Unless otherwise ordered by the Panel, the Clerk of the Panel shall set the motion for hearing at the next session of the Panel. Failure to file and serve a motion and brief shall be deemed a withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee court.
(iv) Conditional remand orders do not become effective unless and until they are filed with the clerk of the transferee court.
(v) Motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 4, 5, 6, 7 and 8 of these Rules.
(g) Upon receipt of an order to remand from the Clerk of the Panel, the parties shall furnish forthwith to the transferee clerk a stipulation or designation of the contents of the record to be remanded and furnish the transferee clerk all necessary copies of any pleading or other matter filed so as to enable the transferee clerk to comply with the order of remand.
NOTES
[*] Although Judges Weinfeld, Robson and Weigel were not present at the hearing, they have, with the consent of all parties, participated in this decision.
[1] Those defendants are The Pennsylvania Company, Glore Staats Corp., Glore Forgan, William R. Staats & Co., Industrial Valley Bank & Trust Co. and several individual defendants.
[2] Rule 15, revised on August 30, 1972, is appended.