### In re PENN CENTRAL SECURITIES LITIGATION.

*Luanne Templeton, et al. v. Great Southwest Corporation, et al.,* N. D. Texas, Civil Action No. CA–2–1324

**No. 56.**

Judicial Panel on Mutidistrict Litigation.
April 17, 1974.

---

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### PER CURIAM.

The Panel has previously transferred all actions involving the above-captioned litigation to the Eastern District of Pennsylvania and, with the consent of that court, assigned them to the Honorable Joseph S. Lord, III, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] An order conditionally transferring the above-captioned action to that district under Section 1407 was entered by the Panel. Plaintiffs timely moved to vacate that order. We find, upon the basis of the papers submitted and the hearing held, that the above-captioned action involves questions of fact common to the actions previously transferred to the Eastern District of Pennsylvania and that transfer of the *Templeton* action to that district for coordinated or consolidated pretrial proceedings under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[2]

Plaintiffs in the *Templeton* action are minority shareholders of Great Southwest Corporation (GSC), which is at least ninety percent owned by The Pennsylvania Company (Pennco), which is itself entirely owned by the Penn Central Transportation Company, a wholly owned subsidiary of Penn Central Company. Plaintiffs allege that GSC, Peat, Marwick Mitchell & Co., and certain individual defendants violated the federal securities laws by making untrue statements of material fact and failing to disclose material facts concerning GSC. Similar allegations of securities laws violations concerning the operation of GSC and its relationship with Pennco and Penn Central Transportation are pleaded in two other actions (*Williams* and *Abernathy*) which were previously transferred under Section 1407 to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings.[3]

In addition, plaintiffs in both the *Williams* and *Abernathy* actions purport to

1. The initial opinion and order of the Panel with respect to this litigation is reported in In re Penn Central Securities Litigation, 322 F.Supp. 1021 (Jud.Pan.Mult.Lit.1971). For subsequent Panel decisions involving this litigation, see 325 F.Supp. 309 (Jud.Pan.Mult. Lit.1971); 333 F.Supp. 382 (Jud.Pan.Mult. Lit.1971); and 349 F.Supp. 1029 (Jud.Pan. Mult.Lit.1972).

2. In order to expedite the pretrial processing of the *Templeton* action, we entered a brief order subsequent to the hearing transferring the action under Section 1407 to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with the actions previously transferred there. This per curiam opinion embodies the reasons for our decision.

3. Byron Williams, et al. v. The Pennsylvania Company, et al., N.D.Texas, Civil Action No. CA-3-4859; and Abernathy, et al. v. Great Southwest Corporation, N.D.Texas, 62 F.R. D. 181. In the transferee district, (Eastern DOistrict of Pennsylvania), the *Williams* action is Civil Action No. 72-1172 and *Abernathy* is Civil Action No. 72-2112.

The decision of the Panel to transfer the *Williams* action is reported at In re Penn Central Securities Litigation, 333 F.Supp. 382 (Jud.Pan.Mult:Lit.1971). The *Abernathy* action was transferred, without opposition, pursuant to Rule 12 of the Panel's Rules, 53 F.R.D. 119, 123 (Jud.Pan.Mult.Lit.1971).

represent a class comprised of all minority shareholders of GSC.

Plaintiffs in the *Templeton* action oppose transfer on the ground that the thrust of their complaint is aimed against GSC and others who do not have anything to do with Pennco or Penn Central Transportation and that, as a result, their action has nothing in common with the previously transferred actions and they have no interest in the pretrial proceedings in the transferee district. Their attempts to distinguish their complaint from the ones filed in the *Williams* and *Abernathy* actions, however, are not persuasive. Indeed, a comparison of the three complaints reveals that the allegations in *Templeton* and *Abernathy* are substantially identical and that the kind of relief sought in at least two counts of the *Williams* action is similar to that requested in both *Templeton* and *Abernathy*.

Clearly, in order for the plaintiffs in *Templeton* to prevail on their claims against GSC and its officers and directors, they will have to pursue discovery of factual matters, including GSC's relationship with the Penn Central companies, that are already the subject of discovery proceedings initiated by plaintiffs in *Williams* and *Abernathy* in the transferee district. In addition, discovery involving Peat, Marwick's role as accountant for GSC is relevant not only to *Williams, Abernathy* and *Templeton,* but also to the other actions in the coordinated or consolidated proceedings which contain allegations of fraudulent conduct by Pennco and Penn Central Transportation. Thus, transfer of the *Templeton* action to the Eastern District of Pennsylvania pursuant to Section 1407 will expedite the pretrial processing of that action and eliminate unnecessary duplication of documentary and depositional discovery.

It is therefore ordered that the plaintiffs' motion to vacate the conditional transfer order be denied and it is further ordered that the above-captioned action be, and the same hereby is, transferred to the Eastern District of Pennsylvania and assigned to the Honorable Joseph S. Lord, III, for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.