404 F.2d 329
 UNITED STATES of America
v.
CHELSEA TOWERS, INC. (Defendant-Third-Party Plaintiff), Appellant,
v.
Louis ZARIS, Z B M CORP., Zaris Construction Company, Inc., Foundation for Cooperative Housing, F C H Services, Inc., Krooth & Altman, Provident National Bank, and Fidelity Bank, agent for Commonwealth of Pennsylvania School Employees' Retirement Fund (Third-Party Defendants).
 No. 17187.
 United States Court of Appeals Third Circuit.
 Argued October 25, 1968.
 Decided November 21, 1968.
 
 Harold Finkle, New York City, of counsel, Gorson, Lazarow & Aron, Atlantic City, N. J., (Joseph Lazarow, Atlantic City, N. J., on the brief), for defendant-appellant.
 William Kanter, Civil Div., Appellate Section, U. S. Dept. of Justice, Washington, D. C., (Edwin L. Weisl, Jr., Asst. Atty. Gen., David M. Satz, U. S. Atty., John C. Eldridge, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee.
 Before HASTIE, Chief Judge, and SEITZ and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This appeal has been taken from an order denying defendant-appellant's motion to vacate or modify an order appointing a receiver and to stay the government's foreclosure proceeding and consolidate the foreclosure action with another action pending in the same court. At the same time we are asked to review a separate order granting the receiver's motion for delivery to him of escrow accounts and security deposits held by the defendant. The appellant contends that these orders are reviewable under section 1291 or section 1292(a) (1) or (2), 28 United States Code.
 
 
 2
 Appellant fails to distinguish the present case from Coskery v. Roberts & Mander Corp., 3d Cir., 1951, 189 F.2d 234, where this court held that the denial of a motion to vacate the appointment of a receiver as improperly made in first instance is not appealable under 28 U.S.C. § 1292(a) (2). The order requiring the delivery of certain deposits to the receiver is neither final nor within any category of appealable interlocutory orders.
 
 
 3
 The court's refusal to stay the foreclosure proceeding to await the determination of another pending action is not an order granting or refusing an injunction and hence is not appealable. Day v. Pennsylvania R.R. Co., 3d Cir., 1957, 243 F.2d 485, 487.
 
 
 4
 The order denying consolidation is not such a "final" order as is appealable under section 1291. True, the finality required by the statute has been judicially construed to include not only decisions terminating litigation, but also collateral orders having drastic or irreparable effect upon some significant right of a party. Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. We find no such significance in a judicial refusal to consolidate separate pending actions. Cf. Morgenstern Chemical Co. v. Schering Corp., 3d Cir. 1950, 181 F.2d 160.
 
 
 5
 The appeal will be dismissed for lack of jurisdiction.