**NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE OF LOUISIANA and Emmitt J. Douglas, Plaintiffs-Appellants,**

v.

**Louis J. MICHOT, etc., et al., Defendants-Appellees.**

**No. 73–1312.**

United States Court of Appeals, Fifth Circuit.

June 11, 1973.

**548**

Johnnie A. Jones, Walter C. Dumas, Baton Rouge, La., for plaintiffs-appellants.

William J. Guste, Jr., Atty. Gen. of La., Reginald Coco, Asst. Atty. Gen., Thomas Rayer, Sp. Counsel, Victor A. Sachse, Baton Rouge, La., Thomas A. Rayer, New Orleans, La., for defendants-appellees.

Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.

PER CURIAM.

■■ After a complete review of the record, it is our considered opinion that this court does not have jurisdiction to hear the instant appeal and thus we are compelled to dismiss. We reach this conclusion on two alternative grounds. First, this is an appeal from the lower court's order denying appellant's motion to consolidate its case with a suit previously filed in that court. A trial court has broad discretion in determining whether to consolidate a case pending before it. An order denying consolidation is not a final appealable order. See, 9 Wright & Miller, Federal Practice and Procedure, § 2386 (1971); United States v. Chelsea Towers, Inc., 404 F.2d 329 (3d Cir. 1968).

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of

■ Furthermore, appellant did not timely perfect an appeal. Rule 4 of the Federal Rules of Appellate Procedure requires that a notice of appeal be filed in the district court within thirty days. The order denying consolidation was entered on November 28, 1972, but appellant did not file its notice of appeal until December 29, 1972. Thus thirty-one days elapsed before the notice of appeal was filed and therefore this court is without jurisdiction to hear this appeal, in the absence of further proceedings in the district court under Rule 4(a), F.R. A.P., to determine the existence of excusable neglect in the late filing of the notice of appeal.

Appeal dismissed.