545 F.2d 1265
 AMERICAN EMPLOYERS' INSURANCE COMPANY, Plaintiff,
v.
KING RESOURCES COMPANY et al., Defendants.
Harold BOTTGER et al., Plaintiffs,
v.
KING RESOURCES COMPANY et al., Defendants.
The DIETRICH CORPORATION et al., Plaintiffs,
v.
KING RESOURCES COMPANY et al., Defendants.
GROSS et al., Plaintiffs,
v.
BLYTH & CO., INC., et al., Defendants.
MORRELL et al., Plaintiffs,
v.
John M. KING et al., Defendants.
In the Matter of KING RESOURCES COMPANY.
John M. KING, Appellant,
v.
Charles A. BAER, Trustee, Appellee.
In the Matter of John McCandish KING.
John M. KING, Appellant,
v.
Virgil Peter CLINE, Trustee, Appellee.
In the Matter of The COLORADO CORPORATION.
John M. KING, Appellant,
v.
William C. LAM, Trustee, Appellee.
In the Matter of IMPERIAL-AMERICAN RESOURCES, FUND, INC.
John M. KING, Appellant,
v.
Theodore H. FRISON, Trustee, Appellee.
 Nos. 75-1884, 75-1886 75-1891, 75-1897 and 75-1898.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted Sept. 22, 1976.
Decided Nov. 5, 1976.
 
 John M. King, pro se.
 Robert J. Kapelke, Denver, Colo., for Charles A. Baer, Trustee, King Resources Co., appellee.
 John A. Criswell, Englewood, Colo., for all appellees other than Baer.
 William A. Cotter, Jr., John F. Shafroth, Denver, Colo., Mary Morrissey Sullivan, Boston, Mass. (Parker, Coulter, Daley & White, Boston, Mass., and Shafroth & Toll, Denver, Colo., of counsel), on brief for American Employers' Ins. Co., appellee.
 Gerald L. Bader and Robert J. Dyer of Bader & Dufty, Denver, Colo., and Eugene W. Landy of Landy & Spector, Eatontown, N. J., on brief for Harold A. Bottger, et al., appellees.
 Winston J. Churchill, Jr., Philadelphia, Pa., George W. Hopper, Alan W. Peryam, Denver, Colo., John C. S. Kepner, Philadelphia, Pa. (Saul, Ewing, Remick & Saul, Philadelphia, Pa., and Hopper & Kanouff, Denver, Colo., of counsel), on brief for The Dietrich Corp., et al., appellees.
 John S. Pfeiffer and Robert J. Kapelke, Denver, Colo., on brief for Charles A. Baer, Trustee, King Resources Co., appellee.
 Donald M. Haskell, Robert F. Klimek, Chicago, Ill., Daniel J. Pope, Evanston, Ill. (Haskell & Perrin, Chicago, Ill., of counsel), on brief for Timothy G. Lowry, appellee.
 Before SETH, McWILLIAMS and BARRETT, Circuit Judges.
 BARRETT, Circuit Judge.
 
 
 1
 John M. King (King), appearing pro se, appeals the District Court's en banc denial of his motion to consolidate nine (9) actions. King's motion was to consolidate "for purposes of settlement only."
 
 
 2
 The nine actions which King sought to be consolidated included: American Employers' Insurance Company v. King Resources Company, an action by an insurance company for the rescission of an officers and directors liability insurance policy; Bottger v. King Resources Company, a class action securities fraud case involving the sale of certain limited partnership interests; The Dietrich Corporation v. King Resources Company, Gross, et al. v. Blyth & Co., Inc., et al., Morrell, et al. v. John M. King, et al., three consolidated security fraud class actions involving the sale of King Resources Company stocks and securities; In the Matter of King Resources, and In the Matter of Imperial-American Resources, two separate reorganization proceedings under Chapter X of the Bankruptcy Act; In the Matter of John McCandish King, and In the Matter of The Colorado Corporation, two separate liquidation "straight" bankruptcy proceedings, contained in Chapters I-VII.
 
 
 3
 The cases all arose, directly or indirectly, as a result of King's elaborate, aggressive, and broadranging investment activities throughout the world and the subsequent demise of same. Their interrelationship is predicated upon King's involvement within each on a personal or corporate official basis. The cases were, for the most part, filed in 1971. They have proceeded to various stages of agreements and settlements. None of the cases have been finalized in terms of effectuating settlement agreements or adjudicative determinations. Furthermore, we have not been informed nor are we able to ascertain from the record that these cases encompass all the matters presently ripe for adjudication or that their adjudication will afford any degree of finality to the plethora of litigation generated by the demise of King's investment activities.
 
 
 4
 On October 24, 1975, approximately four years after the initial litigation herein was commenced, King filed his motion to consolidate seeking the "appointment of an independent tribunal (judge) to hear and finally determine an overall settlement and the enforcement thereof." In denying his motion, the district court, sitting en banc, held:
 
 
 5
 . . . the fiduciaries and all parties in interest in these cases and proceedings have such conflicts of interest and that there are so many cross currents within these matters, that any judge assigned to hear them in their totality would be so caught up in those conflicts as to subject his determinations to the appearance of a lack of impartiality. Under 28 U.S.C. § 455, as amended by P.L. 93-512, a judge must disqualify himself in any proceeding in which his impartiality might be questioned. Additionally, the court . . . has expressly held that a judge supervising a Chapter XI proceeding should not hear an action involving an attempt to recover insurance proceeds for the payment of debts involved in the arrangement. United Family Life Insurance Company v. Barrow, 452 F.2d 997 (10th Cir. 1971). To grant this motion would violate the admonition of that decision.
 
 
 6
 As part of his petition for reconsideration of his motion to consolidate King alleged, inter alia :
 
 
 7
 4. That the essence of the subject motion was not that an independent judge be appointed to hear these matters "in their totality"; but that an independent forum be established for the purposes of determining that the pending settlements are fair, equitable, reasonable and adequate to parties affected thereby and for the purpose of redress. (Emphasis supplied.)
 
 
 8
 King did not specify the manner in which an "independent forum" could be procedurally established, nor did he certify that all the cases had achieved a pending settlement capable of consolidation, and that the consolidated cases represent all the actions or claims which can arise by reason of the various proceedings in bankruptcy and/or related thereto which are ongoing.
 
 
 9
 On appeal King contends that (1) it is the responsibility of the courts to insure a fair, equitable, reasonable, and adequate determination of the rights of all the parties involved in these actions, and (2) the extremely complicated nature of these cases, as well as their interdependency, together with the conflicts of interest and other inherent problems regarding the approved settlements, mandate the need for a separate forum to afford all of the parties involved a fair, equitable, reasonable, and adequate determination of their rights, for purposes of settlement and enforcement of such overall settlement. None of the other affected parties have joined King in this appeal, nor have they seen fit to adopt or support his arguments on appeal.
 
 
 10
 Because of the dispositive nature of the district court's order, we hold that King's contentions miss their mark and are not germane. Suffice it to note that whereas the district court acknowledged the "appeal to reason and common sense" expressed in King's motion for consolidation, we likewise agree that "it would be nice," if possible, for one judge to administer a final overall settlement disposition of all assets on a theoretically impartial, fair, and equitable basis for the debtors and creditors. However, the facts of this case and the law do not comport with the implementation of the requested consolidation settlement. The purpose of bankruptcy from the point of view of one deeply in debt is relief, while the purpose from the point of view of the creditor is that of salvaging some recovery. The public interest is sympathetic with both interests.
 
 
 11
 * The district court properly relied upon 28 U.S.C.A. § 455 as amended by P.L. 93-512 and United Family Life Insurance Company v. Barrow, 452 F.2d 997 (10th Cir. 1971) in denying the motion for consolidation. Section 455 provides in part:
 
 
 12
 (a) Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
 
 
 13
 King's requested consolidation would certainly and necessarily place a judge in the position of weighing the interests of all parties, non-parties, and absent parties, whose interests are diverse and in sharp conflict. His impartiality would likely be under constant challenge. A judge could not effectuate the settlement of the rescission action involved herein, together with the securities fraud cases and do "equity" between the competing interests and those interested parties while settling two reorganization proceedings and two bankruptcies involving untold numbers of other parties with other interests and claims. Such a "Solomonic" approach is not possible.
 
 
 14
 In United Family Life Insurance Company v. Barrow, supra, this Court held that the interrelationship of the cases precluded their assignment to one judge:
 
 
 15
 The record before us demonstrates how interconnected the cases have become, and especially the Chapter XI action and the suit on the life (insurance) policies . . .
 
 
 16
 The participation of the Chapter XI parties in the suit on the life policies . . . places the Judge handling both cases in an inconsistent position. The preservation of the ranch enterprise under Chapter XI plan has become dependent upon a recovery on the policies. It does not appear that a judge under these circumstances can handle both cases.
 
 
 17
 452 F.2d, at p. 999.
 
 
 18
 We observe that the preservation of King Resources Company is to some extent dependent upon the outcome of American Employers' Insurance Company's rescission action in view of that company's potential liabilities of twenty-six million dollars, payable to the King Resources Company trustee. Other like interrelationships between the nine cases, which need not be detailed here, are abundant. The denial of the motion to consolidate was proper under Section 455 and United Family Life Insurance Company, supra.
 
 II
 
 19
 There are other grounds for affirmance. Consolidation is proper under Fed.Rules Civ.Proc. Rule 42, 28 U.S.C.A. for cases "involving a common question of law or fact . . . pending before the court." There is no commonality of law or fact in the nine actions, save for King's personal and family involvement in each. However, because of the varying degrees of such involvement, there is no commonality of fact upon which to predicate consolidation. Consolidation is also improper inasmuch as King did not predicate the motion upon a common, unitary basis of fact or law, but rather, only and exclusively for "purposes of settlement only." King recognizes that this approach is a "novel" one which is "an unsupported proposition with regard to available case law." Significantly, as previously noted, there is no basis for an assumption that all of the justiciable matters in conflict and controversy in the various proceedings have ripened or that each are now before us for final settlement and adjudication. We can only speculate relative to the totality of the yet unresolved matters in controversy which are interrelated to the nine actions before us. We can be certain, however, that none can now be consolidated because they have not yet surfaced. Under these circumstances, and assuming, arguendo, that the nine cases had reached final settlements, King's motion remains untenable and premature.
 
 
 20
 The court's denial of the motion to consolidate finds further support in the rule that such a determination is discretionary and will not be reversed on appeal absent clear error or exigent circumstances, neither of which are present here. Franklin v. Shelton, 250 F.2d 92 (10th Cir. 1957), cert. denied 355 U.S. 959, 78 S.Ct. 544, 2 L.Ed.2d 533 (1958); Gillette Motor Transport v. Northern Oklahoma Butane Co., 179 F.2d 711 (10th Cir. 1950); In Re Dearborn Marine Service Inc., 499 F.2d 263 (5th Cir. 1974), cert. dismissed, Monk v. Chambers & Kennedy, 423 U.S. 886, 96 S.Ct. 163, 46 L.Ed.2d 118; National Association for Advancement of Colored People of Louisiana v. Michot, 480 F.2d 547 (5th Cir. 1973); Garber v. Randell, 477 F.2d 711 (2nd Cir. 1973).
 
 
 21
 King's standing in this appeal has not been challenged. We observe, however, that our jurisdiction is limited under 28 U.S.C.A. § 1291 to "final decisions of the district courts . . . except where a direct review may be had in the Supreme Court." Mathews v. IMC Mint Corporation, 542 F.2d 544 (10th Cir. 1976); Reconstruction Finance Corp. v. Service Pipe Line Co., 206 F.2d 814 (10th Cir. 1953); Hopkins v. McClure, 148 F.2d 67 (10th Cir. 1945). Denial of a motion to consolidate has been held to be a non-appealable order. Skirvin v. Mesta, 141 F.2d 668 (10th Cir. 1944); National Association for Advancement of Colored People of Louisiana, supra ; Garber v. Randell, supra; United States v. Chelsea Towers, Inc., 404 F.2d 329 (3rd Cir. 1968).
 
 
 22
 The denial of King's motion to consolidate for purposes of settlement only was proper in all respects. A "settlement" judge could not be appointed and thereafter function with complete impartiality in light of the complex interrelated facts and facets of the nine actions involved herein, when further considered in relation to those actions not yet ripened or presented to the district court for settlement disposition. There exists no common question of fact or law upon which to predicate consolidation. The nine actions before us offer no semblance or degree of finality. Accordingly, a settlement effectuated upon the limited basis of their present structure may very well prove to be "unfair, unreasonable, and inequitable" for the various parties concerned in the complex proceedings. The only common denominator involved in the complexities and interrelationships of the various proceedings is King's involvement. That, standing alone, is not justification for grant of King's motion to consolidate.
 
 
 23
 WE AFFIRM.
 
 
 24
 McWILLIAMS, Circuit Judge (specially concurring).
 
 
 25
 I would dismiss the appeal on the grounds that the denial of a motion to consolidate is a non-appealable order. National Association for the Advancement of Colored People v. Michot, 480 F.2d 547 (5th Cir. 1973); United States v. Chelsea Towers, Inc., 404 F.2d 329 (3d Cir. 1968); Nolfi v. Chrysler Corp., 324 F.2d 373 (3d Cir. 1963); Skirvin v. Mesta, 141 F.2d 668 (10th Cir. 1944). See also 9 J. Moore, Federal Practice P 110.13(8), at 183-84 (2d ed. 1975); 9 C. Wright & A. Miller, Federal Practice & Procedure § 2386, at 275 (1971).