856 F.2d 1557
 28 ERC 1455, 272 U.S.App.D.C. 395, 57
USLW 2195,
18 Envtl. L. Rep. 21,408
 CENTER FOR AUTO SAFETY, et al., Petitioners,
v.
Lee M. THOMAS, Administrator, Environmental Protection
Agency, et al., Respondents,
Automobile Importers of America, Inc., Ford Motor Company,
et al., Intervenors.
 No. 85-1515.
 United States Court of Appeals,
District of Columbia Circuit.
 Sept. 16, 1988.
 
 Roger J. Marzulla, Asst. Atty. Gen., and Peter R. Steenland, Jr., Anne S. Almy and Michael A. McCord, Attys., U.S. Dept. of Justice, and Lawrence J. Jensen, Acting Gen. Counsel, and Nancy A. Ketcham-Colwill, Atty., U.S. E.P.A., Washington, D.C., were on petition for limited rehearing and suggestion for rehearing en banc for respondents.
 Cornish F. Hitchcock, Alan B. Morrison and William B. Schultz, Washington, D.C., were on response of petitioners.
 Edward W. Warren, Arthur F. Sampson, III, John G. Mullan, Washington, D.C., and Thomas L. Arnett, Detroit, Mich. (for General Motors Corp.), and Charles H. Lockwood, II, Detroit, Mich. (for Auto. Importers of America, Inc.), were on Intervenors' petition for limited rehearing with suggestion for rehearing en banc.
 Before WALD, Chief Judge, and ROBINSON, MIKVA, EDWARDS, RUTH BADER GINSBURG, STARR, SILBERMAN, BUCKLEY, WILLIAMS, D.H. GINSBURG and SENTELLE, Circuit Judges.
 Opinion PER CURIAM.
 
 ON PETITIONS FOR LIMITED REHEARING
 PER CURIAM:
 
 1
 The Environmental Protection Agency (the "Agency"), respondent in the original proceeding, and representatives of the automotive industry intervening on behalf of the Agency have petitioned for a limited rehearing of the judgment of the en banc court set out at 847 F.2d 843 (D.C.Cir.1988). In the per curiam opinion accompanying that judgment, the court stated that although its members were evenly divided as to the existence of Article III standing on the original petitioners' part, we would reinstate the panel decision in which standing had been found and a disposition made on the merits. This action was taken in light of the fact that there was no district court opinion and the agency itself had no cause to pass on the Article III standing issue. We ruled, however, that the reinstatement of the panel opinion was to have no precedential effect in future cases as to standing.
 
 
 2
 After consideration of the arguments set forth in the petitions for rehearing submitted by the Agency and intervenors and in original petitioners' reply thereto, we have decided that our original disposition was not an appropriate one. We now hold that as a majority of the en banc court was unable to satisfy itself that the court had jurisdiction, the court should not have taken any affirmative action on the merits, including reinstatement of the panel opinion. Accordingly, we now vacate the opinion and judgment of May 17, 1988, and deny the original petition for review, leaving the Agency decision in effect.