958 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony Ray SOLOMON, Plaintiff-Appellant,
v.
W.D. BULLOT; D. Vann; G.D. Gowin; Sergeant Mitchener;
B.C. Dawson; G.L. Garder, Defendants-Appellees.
 No. 92-6083.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 26, 1992.
Decided March 17, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-91-390-CRT-H, CA-91-389-CRT-H)
 Anthony Ray Solomon, appellant pro se.
 Sylvia Hargett Thibaut, Assistant Attorney General, Ronna Dawn Gibbs, North Carolina Department of Justice, Raleigh, N.C., for appellees.
 E.D.N.C.
 DISMISSED.
 Before WIDENER, HAMILTON and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony Ray Solomon, a North Carolina prisoner, filed two separate actions under 42 U.S.C. § 1983 (1988) alleging that on two separate occasions he was subjected to excessive force by prison officials. The district court granted the Defendants'/Appellees' (hereinafter Appellees) motion to consolidate the cases pursuant to Fed.R.Civ.P. 42(a) and denied Solomon's motion for costs in connection with a discovery request filed under Fed.R.Civ.P. 37(d). Solomon appealed.
 
 
 2
 After the case was appealed, new counsel for the Appellees filed a document styled "Aid to the Court." The Appellees stated that they agreed with Solomon that the cases should not be consolidated because the facts underlying the cases were different, but stated that the cases could be consolidated for discovery purposes only. The Appellees sought an order severing the cases or a remand to the district court. Solomon responded, opposing the suggestion for possible consolidation for discovery purposes and restating his opposition to the district court's consolidation order. Solomon also sought an order severing the cases.
 
 
 3
 Pretrial orders which advance a case to trial but do not dispose of the case on the merits generally are not appealable prior to entry of final judgment. Lewis v. Bloomsburg Mills, Inc., 608 F.2d 971, 973 (4th Cir.1979). For this reason, a district court's order consolidating or refusing to consolidate pending actions is generally not appealable. NAACP v. Michot, 480 F.2d 547 (5th Cir.1973); United States v. Chelsea Towers, Inc., 404 F.2d 329 (3d Cir.1968); 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2386 (1971). Some courts have held that a consolidation order may be reviewed under the collateral order doctrine if consolidation would irreparably damage a party's ability to pursue his claims or defenses.
 
 
 4
 Garber v. Randell, 477 F.2d 711, 716 (2d Cir.1973); In re Master Key Antitrust Litigation, 528 F.2d 5, 13 (2d Cir.1975); see generally Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). However, this is not a case in which any party would be irreparably injured
 
 
 5
 by consolidation. We dismiss the appeal of the consolidation order for lack of jurisdiction because it is interlocutory and is not appealable under the collateral order doctrine.
 
 
 6
 Solomon also appealed the district court's denial of his motion for
 
 
 7
 expenses under Fed.R.Civ.P. 37(a)(4). The district court's order denying expenses is not appealable, and the appeal is consequently dismissed as to this issue. See generally North Carolina Ass'n of
 
 
 8
 Black Lawyers v. North Carolina Bd. of Law Examiners, 538 F.2d 547 (4th Cir.1976) (discovery orders not immediately appealable).
 
 
 9
 We deny the motions to sever the cases because the Court does not have jurisdiction over the appeal. See Center for Auto Safety v.
 
 
 10
 Thomas, 856 F.2d 1557, 1558 (D.C.Cir.1988) (appellate court may only act on the merits if it has jurisdiction over the appeal); Oliver v. Trunkline Gas Co., 789 F.2d 341, 342 (5th Cir.1986) (same). However, to the extent that the relief sought is simply a remand to the district court, dismissal of the appeal will have the effect of returning the
 
 
 11
 case to the district court.* Finally, Solomon has filed a motion regarding the taking of depositions in his action. We deny the motion in light of the disposition of this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid
 
 
 12
 the decisional process.
 
 
 13
 DISMISSED.
 
 
 
 *
 The parties are not without a remedy in this situation. They may move in the district court, either separately or jointly, for reconsideration of the consolidation order or severance of the two actions. Allen v. State Bd. of Educ., 447 F.2d 960 (4th Cir.1971), cert. denied, 405 U.S. 920 (1972)