ESTATE OF Albert P. SCHULTZ, By Bonnie Schultz, Representative

v.

Merit Systems Protection Board; Postmaster General

(D.C. Civil No. 2:13-Cv-01363)

Estate of Albert P. Schultz, By Bonnie Schultz, Representative

v.

Merit Systems Protection Board

(D.C. Civil No. 2:14-Cv-01159)

Estate of Albert P. Schultz, By Bonnie Schultz, Representative*, Appellant

*(Amended Pursuant to Clerk Order dated May 22, 2015)

No. 15-1730

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) February 9, 2016

(Opinion filed: November 4, 2016)

Alexander Schultz, Esq., Lake Worth, FL, for Plaintiff-Appellant

Stephen Fung, Esq., Jeffrey Gauger, Esq., United States Merit Systems Protection Board, Washington, DC, David C. Belt, United States Postal Service, Office of Labor Law, Washington, DC, Rebecca R. Haywood, Office of U.S. Attorney, Pittsburgh, PA, for Defendants

Before: FUENTES,* KRAUSE, and ROTH, Circuit Judges

## OPINION **

FUENTES, Circuit Judge:

The Estate of Albert P. Schultz (the "Estate") seeks review of two District Court orders, which like the underlying dispute itself—a disability discrimination case involving the United States Postal Service that dates back to the 1990s [1]— have a somewhat tangled procedural history. Before reaching the merits of the Estate's appeal, we determine whether we have appellate jurisdiction. For the reasons set forth below, we do not. As a result, the appeal will be dismissed.

Greatly condensed, the cases on appeal began as two attorneys' fees proceedings brought by the Estate before the Merit Systems Protection Board (the "Merit Board"), an agency that serves as an "independent adjudicator of federal employment disputes." [2] After the first case ("*Schultz I*") ended in a loss, the Estate both petitioned for judicial review and filed the second fee case before the Merit Board ("*Schultz II*")—which, in turn, also ended in a loss and in another petition for review. [3] After some false starts, both petitions for review ended up before Judge Fischer in the Western District of Pennsylvania under separate docket numbers.

The Merit Board, named as a defendant on each docket, moved under Fed. R. Civ. P. 42(a) to consolidate the two cases, which it described as "really the same case." [4] The Merit Board also asked to be dismissed as an improper defendant. In an order entered on each docket, Judge Fischer consolidated the cases, dismissing/closing *Schultz II* and directing all further filings to be made on *Schultz I*. In the same order, Judge Fischer denied a motion to remand filed by the Estate and dismissed the Merit Board as a defendant

---

* Honorable Julio M. Fuentes assumed senior status on July 18, 2016.

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1. We have reviewed at least three appeals from prior incarnations of this case. *See* C.A. No. 10-2843 (judgment order entered June 20, 2011); *Estate of Schultz v. Potter*, 349 Fed.Appx. 712 (3d Cir. 2009); *Estate of Schultz v. Potter*, 285 Fed.Appx. 886 (3d Cir. 2008). Our 2009 decision contains a brief summary of the late Albert Schultz's charge of disability discrimination against the Postal Service. *See Schultz*, 349 Fed.Appx. at 715–16.

2. *Kloeckner v. Solis*, 568 U.S. 41, 133 S.Ct. 596, 600, 184 L.Ed.2d 433 (2012).

3. *Schultz v. U.S. Postal Serv.*, 120 M.S.P.R. 652 (M.S.P.B. 2014) (table); *Schultz v. U.S. Postal Serv.*, 117 M.S.P.R. 698 (M.S.P.B. 2012) (table).

4. JA 393.

from both cases.[5] The consolidated *Schultz I* was then assigned to Judge Bloch. A reconsideration motion filed on both dockets was denied separately by Judge Bloch on *Schultz I* and Judge Fischer on the now-closed *Schultz II*. The Estate then filed a notice of appeal in *Schultz II*.[6]

Before turning to the appeal proper, we address one more relevant part of the proceedings before the District Court. Eight days after the Estate appealed *Schultz II*, Judge Bloch ruled on several motions in *Schultz I* that had been filed prior to the consolidation. Significantly, Judge Bloch granted the Estate's cross motion for summary judgment "to the extent that it seeks remand to the [Merit] Board for a determination of attorney fees incurred in connection with [the Estate's] underlying compliance action."[7] The case was, as a result, remanded to the Merit Board for further proceedings.

The Estate's appeal presents a two-part appellate jurisdiction question, which we "resolve ... before reaching the merits."[8] We first determine whether Judge Fischer's order was initially appealable. If it was not, we decide whether intervening developments in the case affected its appealability.

We conclude that Judge Fischer's order was not appealable when it was originally issued. "In general, we may only hear appeals from final judgments and from certain prescribed interlocutory orders of the district courts."[9] A decision is final under 28 U.S.C. § 1291 when it ends the case as to all claims and all parties.[10] While Judge Fischer's order dismissed the Merit Board "with prejudice" as an improper defendant, the claims against it remained lodged against the Postmaster General in the consolidated *Schultz I*; the District Court continued to adjudicate the remaining claims and otherwise to take action in the case.[11] And in the absence of

---

5. See *Schultz v. Merit Sys. Prot. Bd.*, Nos. 13–1363 & 14–1159, 2014 WL 7015990, at *1–3 (W.D. Pa. Dec. 11, 2014).

6. The Estate specifically disclaims any interest in appellate review of *Schultz I. See, e.g.*, Appellant's Br. 4. Relatedly, while it is somewhat unclear from the record whether the Estate seeks review of both orders denying reconsideration or just Judge Fischer's, our disposition today would be the same in either scenario.

7. *Schultz v. Donahoe*, No. 13–1363, 2015 WL 1491754, at *4–6 (W.D. Pa. Mar. 31, 2015).

8. *Cunningham v. R.R. Ret. Bd.*, 392 F.3d 567, 570 (3d Cir. 2004).

9. *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 585 (3d Cir. 1999).

10. See *Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635, 640 (3d Cir. 1991).

11. See *Riley v. Kennedy*, 553 U.S. 406, 419, 128 S.Ct. 1970, 170 L.Ed.2d 837 (2008) ("A final judgment is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (internal quotation marks omitted). The Estate appears to argue that the cases were not truly consolidated, and thus that Judge Fischer's order was actually "final" for *Schultz II*. The Estate further attempts to distinguish the two cases by labeling *Schultz I* the "fee petition case" and *Schultz II* the "settlement agreement enforcement case." Appellant's JD Resp. 2. But we do not perceive such a division between the two matters. The Estate's second amended complaint in *Schultz I* referenced the settlement agreement and the fees due in connection with the agreement. (*See, e.g.*, JA 288–89.) And Judge Bloch's merits decision "in fact[ ] remand[ed] [the Estate's] case ... for reconsideration and a determination of attorney fees due for the compliance action." *Schultz*, 2015 WL 1491754, at *6. To the extent the line of authority descended from *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434 (3d Cir. 1977), is applicable here, the indication that the cases were not intended to be kept separate is an additional factor weighing against allowing appeal before all consolidated actions were resolved.

finality, "[a]n order granting or denying consolidation is a nonappealable interlocutory order."[12]

 There is one more avenue by which we might have jurisdiction. In this Circuit, the *Cape May Greene* rule allows for a prematurely filed appeal to "ripen upon the court's disposal of the remaining claims."[13] Assuming without deciding that Judge Bloch's *Schultz I* decision resolved the rest of the case, we have held that *Cape May Greene* "is not applicable to discovery or similar interlocutory orders."[14] Judge Fischer's order contained both interlocutory and dispositive elements, but is challenged only with regard to the former, not the latter. The Estate does not contend that the Merit Board was a proper defendant for reasons unrelated to its concern about the full scope of the consolidation. Thus, *Cape May Greene* would not cause the notice of appeal to ripen.

In sum, we conclude that Judge Fischer's order was not appealable, and has not become so due to intervening events. It follows that the orders denying reconsideration were also not appealable. Because we lack jurisdiction, the appeal will be dismissed.

---

**12.** *Brace v. O'Neill*, 567 F.2d 237, 240 n.9 (3d Cir. 1977) (citation omitted).

To the extent that the "collateral order" doctrine might save the appeal, the Estate has not argued for its application here. *See United States v. Chelsea Towers, Inc.*, 404 F.2d 329, 330 (3d Cir. 1968) (per curiam) (suggesting that collateral order doctrine does not apply to consolidation). There is otherwise no indication that Judge Fischer's order would be "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Live-*

*say*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

**13.** *Adapt of Phila. v. Phila. Hous. Auth.*, 433 F.3d 353, 362 (3d Cir. 2006) (citing *Cape May Greene, Inc. v. Warren*, 698 F.2d 179, 184–85 (3d Cir. 1983)).

