**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2672
_____

RICKY KAMDEM-OUAFFO,
d/b/a KAMDEM GROUP

v.

TASK MANAGEMENT INC; STEFAN MOHAN; LINDA HARISSON;
CORIE HESS; CAMPBELL SOUP COMPANY
(District Court No 1:17-cv-07506)

RICKY KAMDEM-OUAFFO

v.

CAMPBELL SOUP COMPANY; TASK MANAGEMENT INC.; DENISE M.
MORRISON; CARLOS J. BARROSO; SCOTT KELLER; CARY HAYES; STEFAN
MOHAN; CORIE HESS; LINDA HARRISON; JONATHAN D. WETCHLER;
BERNARD E. JACQUES; DUANE MORRIS LLP, (FIRM AND AFFILLIATE
OFFICES); MCELROY DEUTSCH MULVANEY & CARPENTER LLP; DAYNE R.
JOHNSON; TREVOR H. TANIGUCHI
(District Court No. 1:18-cv-00298)

RICKY KAMDEM-OUAFFO,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action Nos. 1:17-cv-07506 & 1:18-cv-00298) (consolidated)
District Judge: Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

April 1, 2019
Before: GREENAWAY, Jr., RESTREPO, and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 27, 2019)
_____

OPINION*
_____

PER CURIAM

     Pro se appellant Ricky Kamdem-Ouaffo appeals the District Court's denial of his request for a preliminary injunction, as well as several other decisions of the District Court. For the reasons that follow, we will affirm the District Court's denial of a preliminary injunction and dismiss the remainder of this appeal for lack of appellate jurisdiction.

I.

     Because we write primarily for the benefit of the parties, we will recite only the facts necessary for our discussion. Kamdem-Ouaffo contends that in 2017, he entered into a contract on behalf of his sole proprietor business with defendant staffing service Task Management Inc., to work as a consultant on projects at Campbell Soup Company. This agreement permitted termination at the election of Kamdem-Ouaffo, Task, or Campbell. Kamdem-Ouaffo maintains that after 11 days of work, he was informed that his contract was terminated because Campbell was suspending certain projects.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kamdem-Ouaffo alleges that his contract was terminated because Task discovered that he had filed lawsuits against previous employers. He maintains that he has been unable to apply for any other positions at Campbell since the contract termination.

Kamdem-Ouaffo filed a complaint asserting a variety of claims in the District Court in 2017. While that case was being litigated, Kamdem-Ouaffo initiated a second action in the District Court in 2018. The second action stemmed from the same core allegations as his first action, but added new claims and defendants.

In February 2018, Kamdem-Ouaffo filed identical motions for a preliminary injunction in both actions, seeking reinstatement to his position and money damages. In July 2018, the District Court denied Kamdem-Ouaffo's request for a preliminary injunction, formally consolidated his two cases, and addressed a series of other motions filed by the parties. As relevant here, the District Court dismissed many of Kamdem-Ouaffo's claims but permitted several to proceed. Soon after, Kamdem-Ouaffo filed a notice of appeal challenging a number of the District Court's decisions. Litigation has continued in the District Court.

## II.

Our jurisdiction over this appeal is limited. We have jurisdiction to review the District Court's denial of Kamdem-Ouaffo's request for a preliminary injunction pursuant to 28 U.S.C. § 1292(a)(1). However, we lack jurisdiction to review any other decision of the District Court at this time because no final order has been entered pursuant to 28

3

U.S.C. § 1291, the District Court has not made a certification pursuant to 28 U.S.C.

§ 1292(b) or Federal Rule of Civil Procedure 54(b), and the District Court has not

otherwise issued any immediately appealable collateral decision over which we may

exercise jurisdiction under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541

(1949).  Accordingly, to the extent that Kamdem-Ouaffo challenges any decision of the

District Court other than the denial of his request for a preliminary injunction, we will

dismiss this appeal for lack of appellate jurisdiction.[1]  "When reviewing a district court's

[denial] of a preliminary injunction, we review the court's findings of fact for clear error,

its conclusions of law de novo, and the ultimate decision . . . for an abuse of discretion."

Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017).

III.

The District Court did not abuse its discretion in denying Kamdem-Ouaffo's

request for a preliminary injunction, because Kamdem-Ouaffo did not demonstrate that

he would be irreparably harmed by the denial of injunctive relief.  Litigants seeking to

obtain the "extraordinary remedy" of a preliminary injunction "must establish that (A)

they are likely to succeed on the merits of their claims, (B) they are likely to suffer

irreparable harm without relief, (C) the balance of harms favors them, and (D) relief is in

---

[1]  For this reason, we deny Kamdem-Ouaffo's motion seeking review of the District Court's consolidation of his two cases, as we lack jurisdiction to review that non-final decision at this time.  See Brace v. O'Neill, 567 F.2d 237, 240 n.9 (3d Cir. 1977) (explaining that generally, "[a]n order granting or denying consolidation is a nonappealable interlocutory order"); see also United States v. Chelsea Towers, Inc., 404 F.2d 329, 330 (3d Cir. 1968) (per curiam).

the public interest." Issa v. Sch. Dist. of Lancaster, 847 F.3d 121, 131 (3d Cir. 2017). "[A] movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits . . . and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." Reilly, 858 F.3d at 179.

"In order to demonstrate irreparable harm[,] the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). "The preliminary injunction must be the only way of protecting the plaintiff from harm." Id. "The requisite feared injury or harm must be irreparable — not merely serious or substantial, and it must be of a peculiar nature, so that compensation in money cannot atone for it." Id. at 91-92 (internal quotation marks omitted). Thus, a litigant seeking injunctive relief must "articulate and adduce proof of actual or imminent harm which cannot otherwise be compensated by money damages . . . to sustain its substantial burden of showing irreparable harm." Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102-03 (3d Cir. 1988). "Establishing a risk of irreparable harm is not enough." ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987).

In his request for injunctive relief, Kamdem-Ouaffo primarily sought money damages and reinstatement to his position with Campbell. Regarding his first request, "we have never upheld an injunction where the claimed injury constituted a loss of

5

money, a loss capable of recoupment in a proper action at law." See In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1145 (3d Cir. 1982); see also Sampson v. Murray, 415 U.S. 61, 90 (1974) ("[A] temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury."). As for his request for reinstatement, if Kamdem-Ouaffo is ultimately successful in this litigation, he can be adequately compensated by reinstatement and back pay or through an appropriate alternative remedy. See Moteles v. Univ. of Pa., 730 F.2d 913, 919 (3d Cir. 1984) (explaining that "a discharge from employment with all of its attendant difficulties is not irreparable injury"); cf. Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 846 (2001) (discussing a variety of alternative remedies available to compensate a successful plaintiff when reinstatement is not a viable option, in the context of a Title VII employment discrimination claim).

On appeal, Kamdem-Ouaffo argues that he is entitled to injunctive relief based on his allegations that in 2017, employees at Task filed a police report indicating that Kamdem-Ouaffo was harassing them. See Appellant's Br. at 10-11. Kamdem-Ouaffo contends that the report "constituted irreparable injury through intimidations." See id. at 12. He maintains that his immediate reinstatement is necessary because of the "chilling effect" of the "intimidations," without further explanation. See id.

Kamdem-Ouaffo has not offered any evidence to show that a chill of protected activity has occurred or would occur such that his reinstatement is necessary to protect

6

him from irreparable harm. See Marxe v. Jackson, 833 F.2d 1121, 1126 (3d Cir. 1987) (vacating a preliminary injunction reinstating a Title VII plaintiff to her former position where there was not a "sufficient record basis for the district court's finding that [the plaintiff's] ability to prove her case will be materially impaired if she is not reinstated pending trial"). Kamdem-Ouaffo has persistently pursued his claims, and he does not contend that he or anyone else has been prevented from obtaining necessary evidence based on the "intimidations" he alleges.

To the extent that Kamdem-Ouaffo implies that his reputation has been injured by this alleged police report, "damage to [a plaintiff's] name and reputation" is typically insufficient to require a grant of injunctive relief where a plaintiff is "merely impaired" rather than "potentially barred" from obtaining employment in his field, causing "extreme deprivation." See Morton v. Beyer, 822 F.2d 364, 372 n.13 (3d Cir. 1987). Although Kamdem-Ouaffo contends that he has been unable to secure any positions at Campbell since his contract was terminated, he has not alleged that he has been prevented from obtaining other employment in his field at any point. The District Court correctly denied injunctive relief to Kamdem-Ouaffo on this basis. See Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989) ("[A] failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction."). Accordingly, we will affirm the District Court's judgment to the extent of our jurisdiction, and dismiss

7

this appeal for lack of jurisdiction in all other respects.[2]

---

[2] Kamdem-Ouaffo's motion regarding costs is denied as presented. The parties may resolve any issues with costs in this appeal at the appropriate time in accordance with Federal Rule of Appellate Procedure 39 and Third Circuit Local Appellate Rule 39.