**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12901

Non-Argument Calendar

_____

HENRY OLIVER MCKINNON, III,

*Petitioner-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:24-cv-00783-MMH-PDB

_____

Before ROSENBAUM, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Henry Oliver McKinnon, III, a prisoner proceeding pro se, appeals from the district court's August 11, 2025, order denying his

motion to consolidate this 28 U.S.C. § 2554 action with his separate 42 U.S.C. § 1983 action.

McKinnon's appeal is not taken from a final decision because the order did not resolve his § 2254 petition. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . have jurisdiction . . . [over] all final decisions of the district courts."); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining that a ruling that disposes of fewer than all claims is not final); *NAACP of La. v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973) ("An order denying consolidation is not a final appealable order."). The order also is not immediately appealable under the collateral order doctrine because it would be effectively reviewable on appeal from a final decision. *See Acheron Capital, Ltd. v. Mukamal*, 22 F.4th 979, 989 (11th Cir. 2022) (describing the doctrine's requirements).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction. All pending motions are DENIED as moot.