**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12941

Non-Argument Calendar

————————————

HENRY OLIVER MCKINNON, III,

*Plaintiff-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

*Defendants,*

LT. BIRDSONG,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:24-cv-00478-MMH-LLL

————————————

Before ROSENBAUM, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Henry Oliver McKinnon, III, a prisoner proceeding pro se, appeals from the district court's August 12, 2025, order denying his motion to consolidate this 42 U.S.C. § 1983 action with his separate 28 U.S.C. § 2254 action. The defendant filed a motion to dismiss the appeal.

McKinnon's appeal is not taken from a final decision because the district court's order did not resolve his Eighth Amendment claim against the defendant in his individual capacity. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . have jurisdiction . . . [over] all final decisions of the district courts."); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining that a ruling that disposes of fewer than all claims of all parties is not final); *NAACP of La. v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973) ("An order denying consolidation is not a final appealable order."). The order also is not immediately appealable under the collateral order doctrine because it would be effectively reviewable on appeal from a final decision. *See Acheron Capital, Ltd. v. Mukamal*, 22 F.4th 979, 989 (11th Cir. 2022) (describing the doctrine's requirements).

Accordingly, the defendant's motion to dismiss is GRANTED. This appeal is DISMISSED. All pending motions are DENIED as moot.