[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12932
Non-Argument Calendar
_____

D. C. Docket No. 04-00237-CV-3-MCR/MD

CHARLES DEWAYNE WALTHER,

Petitioner-Appellant,

versus

DONALD F. BAUKNECHT,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 21, 2005)

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Charles Dewayne Walther, a pro se federal prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, in which he argued that the Bureau of Prisons ("BOP") abused its discretion under 18 U.S.C. § 3621(e)(2)(B) when it refused to reduce his sentence after he completed a drug abuse program. Walther further argues that the district court erred in denying his motion to amend his § 2241 petition to include a claim under Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). Finding no reversible error, we AFFIRM.

## I. BACKGROUND

On 7 November 2001, Walther pled guilty to conspiracy to manufacture and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. He received a three-level increase pursuant to U.S.S.G. § 2D1.1(b)(5) (2001) because his offense involved the production of methamphetamine and created a substantial harm to human life and the environment. In applying the three-level increase, the probation officer wrote that "anhydrous ammonia is highly volatile and could create serious injury to human life if it exploded. Therefore, the mere transportation of this hazardous substance created serious risk to others, either on the roadway or at the location where the 'cooks' . . . took place." R1-1 at unnumbered13.

2

While in prison, Walther entered into a court-ordered drug abuse program. After completing the program, he applied for a reduction in sentence pursuant to 18 U.S.C. § 3621(e)(2)(B), which provides the BOP with the discretion to reduce the sentence for a "prisoner convicted of a nonviolent offense . . . after successfully completing a treatment program."  In denying the reduction, the BOP cited the three-level increase in Walther's sentence for possessing anhydrous ammonia, which he used to process methamphetamine.  The BOP concluded that anhydrous ammonia was an explosive material and that Walther therefore was ineligible for a reduction in accordance with the BOP's Program Statement 5162.04, Categorization of Offenses.  The Program Statement disallows reduction for an inmate "whose current offense is a felony that:  involved the carrying, possession, or use of . . . explosives (including any explosive material or explosive device)." R1-1 at unnumbered 10.

After exhausting his administrative remedies, Walther, on 2 July 2004, filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2241, challenging the BOP's determination that he was ineligible for a sentence reduction.  Since the proper party respondent to a § 2241 habeas corpus petition is the custodian of the prisoner, Walther properly named Donald F. Bauknecht, Warden, Federal Prison Camp, Pensacola, Florida, as respondent in his petition.  See Braden v. 30th

3

_Judicial Circuit Court of Kentucky_, 410 U.S. 484, 495, 93 S. Ct. 1123, 1130 (1973).  On 4 August 2004, Walther filed a motion for leave to file supplemental authority to his petition in light of _Blakely v. Washington_, 542 U.S. 296, 124 S. Ct. 2531 (2004).  In that motion, Walther argued that, under _Blakely_, the trial court had violated his constitutional rights by increasing his sentence beyond the standard range without a jury finding or admission as to the facts underlying the enhancement.  Concluding that _Blakely_ is not retroactively applicable on collateral review, the district court denied his motion on 9 August 2004.

In his response to Walther's § 2241 petition, Bauknecht argued that the petition should be denied for two reasons.  First, he argued that the U.S. Supreme Court has upheld the BOP's regulation implementing 18 U.S.C. § 3621(e) and has ruled that the BOP may categorically deny inmates early release without a case by case consideration of the facts underlying their convictions.  Second, since inmates have no constitutional right to early release, he argued that Walther was not entitled to due process regarding his eligibility for a sentence reduction.  He also disagreed with Walther's more restrictive definition of "explosive material" by stating that the definition he relied upon, 18 U.S.C. § 841, was not controlling.

Walther's reply to Bauknecht's response reiterated the same basic arguments that were included in his original habeas petition and attached exhibits.  These

arguments included (1) that the BOP defined "explosive material" without notice and comment, (2) that the BOP did not define "explosive material" in the same way as 18 U.S.C. § 841, and (3) that the BOP's inclusion of anhydrous ammonia within the definition of "explosive material" was an unreasonable interpretation of the controlling statute.

On 11 April 2005, the magistrate judge recommended dismissing Walther's petition on the merits. The magistrate judge found that the BOP's authority to grant a reduction in sentence was permissive and that Walther therefore could not state a due process claim. Citing Lopez v. Davis, 531 U.S. 230, 243, 121 S. Ct. 714, 723 (2001), the magistrate judge concluded that the BOP did not need to consider the specific factual details of each case and that categorical exclusions for offenses like Walther's was an appropriate exercise of discretion under 18 U.S.C. § 3621(e)(2)(B).

On 27 April 2005, the district court adopted the magistrate judge's report and recommendation and denied Walther's petition. On 11 May 2005, Walther mailed a notice of appeal which was filed on 13 May 2005. In his appeal, Walther raises two issues. First, he argues that the district court erred in finding that the BOP did not abuse its discretion in denying him a sentence reduction. Second, he argues that the district court erred in denying his motion to supplement his § 2241

petition in light of <u>Blakely</u>.

## II. DISCUSSION

A.  <u>Denial of Sentence Reduction</u>

Since this is an appeal from the final judgment of a district court in a 28

U.S.C. § 2241 civil case, we have jurisdiction over this case pursuant to 28 U.S.C.

§ 1291.  The availability of habeas relief under § 2241 presents a question of law

that we review <u>de</u> <u>novo</u>.  <u>Cook v. Wiley</u>, 208 F.3d 1314, 1317 (11th Cir. 2000).

According to 18 U.S.C. § 3621(e)(2)(B), "[t]he period a prisoner convicted

of a nonviolent offense remains in custody after successfully completing a

treatment program may be reduced by the Bureau of Prisons, but such reduction

may not be more than one year from the term the prisoner must otherwise serve."

The Court has held that this wording grants the BOP "the authority, but not the

duty, . . . to reduce [the prisoner's] term of imprisonment."  Lopez v. Davis, 531

U.S. 230, 241, 121 S. Ct. 714, 722 (2001).  Moreover, in exercising that authority,

the BOP may "rely on rulemaking to resolve certain issues of general

applicability," and then may make categorical exclusions based on those rules.  Id.

at 244, 121 S. Ct. at 723-24 (internal quotations omitted).

In exercising this discretion, the BOP promulgated a Program Statement,

designed to define the statute.  See 28 C.F.R. § 550.58.  The Program Statement

6

includes "[i]nmates whose current offense is a felony . . . that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)" in its list of categories of inmates the BOP chose to exclude from eligibility. Id. § 550.58(a)(1)(vi) & (a)(1)(vi)(B). The Court has held that the BOP's Program Statement is a reasonable exercise of administrative discretion because 18 U.S.C. § 3621(e)(2)(B) manifests Congressional concern for preconviction behavior and the BOP is therefore justified in considering that behavior when making categorical exclusions. Lopez, 531 U.S. at 243, 121 S. Ct. at 723. When preconviction conduct indicates a willingness to endanger the lives of others, the BOP's categorical exclusion is a reasonable interpretation of statutory intent because the statute states that only nonviolent offenders are eligible. See id. at 243-44, 121 S. Ct. at 723-24. We have held that the proper question when reviewing such a categorical exclusion is whether the BOP's interpretation of the statute was reasonable. Cook, 208 F.3d at 1320. Upon review of the record and both parties' briefs, we discern no error.

Walther claims that the BOP's determination was not reasonable because he used anhydrous ammonia, a chemical that is not traditionally recognized as an explosive, to make methamphetamine. For support, he relies on the definition of

"explosive material" contained in 18 U.S.C. § 841(c).  However, the plain language of 18 U.S.C. § 841(c) states that the definitions are for terms as used in Chapter 40 of Title 18.  The BOP's Program Statement is not part of Chapter 40 of Title 18, and so is not governed by the definitions therein.  Moreover, Walther does not argue that there is no danger in making methamphetamine, and his PSI stated that he received an increase in his sentence because the risk that the anhydrous ammonia would explode, either in transport or while making methamphetamine, posed a cognizable danger to the public.  Since Walther's sentence accounted for his willingness to endanger others in order to make methamphetamine, it is reasonable for the BOP also to consider the dangerous nature of his offense, in light of the wording of 18 U.S.C. § 3621(e)(2)(B).

Additionally, Walther, referring generally to the tools of statutory construction cited in Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 104 S. Ct. 2778 (1984), invokes the rule of lenity and argues that we should resolve any ambiguity in the definition of "explosive material" in his favor. The rule of lenity holds that "where there is an ambiguity in a criminal statute, doubts are resolved in favor of the defendant."  United States v. Bass, 404 U.S. 336, 348, 92 S. Ct. 515, 523 (1971).  Even assuming that 18 U.S.C. § 3621(e)(2)(B) is a criminal statute, Congress has vested the BOP with express

discretion in the application and administration of this statute. See id. ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons") (emphasis added). Thus, "[r]ather than apply a presumption of lenity to resolve the ambiguity, Chevron requires that we defer to the agency's reasonable construction of the statute. [Chevron] deference is a tool of statutory construction whereby courts are instructed to defer to the reasonable interpretations of expert agencies charged by Congress to fill any gap left, implicitly or explicitly, in the statutes they administer." Yi v. Fed. Bureau of Prisons, 412 F.3d 526, 535 (4th Cir. 2005) (internal quotations omitted). Having previously concluded that the BOP reasonably interpreted 18 U.S.C. § 3621(e)(2)(B), we therefore conclude that the rule of lenity is inapplicable.

Walther also argues that the BOP deprived him of notice and the opportunity to comment before it applied the categorical exclusion included in the BOP Program Statement. However, a BOP Program Statement is analogous to an interpretative rule, and thus does not require notice and comment. Cook, 208 F.3d at 1319. For the foregoing reasons, the district court did not err in denying Walther's § 2241 petition.

B. Blakely Appeal

9

Under Federal Rule of Appellate Procedure 3(c)(1)(A)-(C), a notice of appeal must "specify the party or parties taking the appeal . . . designate the judgment, order, or part thereof being appealed; and . . . name the court to which the appeal is taken." Under Federal Rule of Appellate Procedure 4(a)(1)(B), a notice of appeal in a civil case in which the United States or its officer or agency is a party must be filed "within 60 days after the judgment or order appealed from is entered." "If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal." Smith v. Barry, 502 U.S. 244, 248-49, 112 S. Ct. 678, 682 (1992). However, a notice of appeal for a civil case that is filed after the statutory deadline, even if only one day, is not timely. See NAACP of La. v. Michot, 480 F.2d 547, 548 (5th Cir. 1973) (per curiam). Furthermore, although pro se pleadings are construed liberally, the district court cannot serve as de facto counsel for pro se litigants, informing them of the appropriate procedural steps to take during litigation. GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

In this case, the district court's order denying Walther's motion to include the Blakely issue was dated 9 August 2004. The district court's order of dismissal regarding the rest of Walther's § 2241 petition was dated 27 April 2005. Walther's notice of appeal was filed on 13 May 2005, but only referenced the district court's

10

27 April 2005 order and the issues contained therein. Walther's brief was mailed on 28 June 2005 and was filed on 1 July 2005. The brief includes all the information necessary to constitute a notice of appeal, but it is dated more than 60 days after the final order denying Walther's petition was entered. Thus, notice was not timely filed as to the Blakely issue, and we do not have jurisdiction to consider it.

### III. CONCLUSION

Walther argues that the district court erred in ruling that the BOP did not abuse its discretion in refusing to reduce his sentence. We conclude that the district court did not err in ruling that the BOP was within its discretion in denying Walther a sentence reduction. Walther next argues that the district court erred in its order denying his motion to include the Blakely issue. We conclude that Walther's notice of appeal on this issue was not timely filed and therefore we will not consider it. Accordingly, the judgment of the district court is **AFFIRMED**.

11