[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11206
Non-Argument Calendar
_____

D. C. Docket No. 05-00246-CV-3-LAC-EMT

EDGAR VINASCO,

Petitioner-Appellant,

versus

DONALD F. BAUKNECHT, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(October 12, 20006)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Edgar Vinasco, a federal prisoner proceeding pro se, appeals the district

court's denial of his petition for habeas relief, brought pursuant to 28 U.S.C. § 2241. The district court properly denied relief. Accordingly, we affirm.

## I. Background

Vinasco filed a pro se § 2241 petition challenging the Bureau of Prisons's ("BOP") failure to grant him early release for his participation in a drug treatment program. The BOP based its decision on the presentence investigation report ("PSI") finding that Vinasco had carried a firearm, even though he was not charged with a firearm offense nor was his sentence enhanced because he was carrying a firearm during the underlying offense. The records show that Vinasco was convicted of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and sentenced to 87 months imprisonment. The PSI stated that police found a firearm and a knapsack containing approximately $14,000 and ledgers with entries relating to narcotics and money laundering in Vinasco's possession at the time of his arrest.[1] At sentencing, the district court had noted its belief that Vinasco's plea was a favorable disposition because, inter alia, the PSI showed that Vinasco possessed a loaded firearm at the time of his arrest, although Vinaso was not charged with a firearm offense. The court also recommended that Vinasco

---

[1] The record neither contains the entire PSI nor reflects whether Vinasco objected to these factual statements in the PSI. On appeal, Vinasco contends that there was no evidence that he possessed the firearm in connection with the conspiracy to launder money.

2

participate in a drug treatment program. Once incarcerated, the BOP determined that even though Vinasco was eligible for the drug treatment program, Vinasco's participation in the program would not qualify him for early release because his offense included possession of a firearm.[2] Vinasco challenged this determination through the administrative grievance process and was denied his requested relief. After exhausting his administrative remedies, he filed the instant § 2241 petition.

The BOP answered the petition, explaining that Vinasco was ineligible for early release under PS 5162.04 because his offense involved carrying a firearm and that its policies permitted the consideration of the underlying conduct and not just the offense of conviction. The BOP noted that the Supreme Court has upheld the exercise of the BOP's discretion in this area in Lopez v. Davis, 531 U.S. 230, 241, 243-44 (2001) (holding that 18 U.S.C. § 3621[3] grants the BOP the authority but not

---

[2] Policy Statement ("PS") 5612.04, § 7(c)(3) provides that "an inmate may be precluded from receiving certain Bureau program benefits based on an offense listed in this section. For the offenses listed below, the Sentencing Guidelines may provide little insight into the court's findings. Accordingly, rather than simply examining the base offense level or the specific offense characteristics, case managers must carefully examine the entire Offense Computation section of the PSI and, if necessary, the Offense Conduct section to determine if the offense would preclude an inmate's receiving certain Bureau program benefits based on whether the offense satisfies the standard listed in the introductory portion of Section 7." The offense of money laundering in violation of § 1956 is listed in this section. Furthermore, the introductory notes to section 7 state that if the offense "involved the carrying, possession, or use of a firearm" the inmate is precluded from receiving certain Bureau program benefits. Id. § 7.

[3] Under 18 U.S.C. § 3621(e)(2)(B), "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

the duty to reduce an inmate's sentence after completion of a drug treatment program and that in exercising that authority, the BOP may rely on rulemaking to resolve certain issues of general applicability, and then may make categorical exclusions based on those rules). The BOP attached to its answer: (1) Vinasco's qualification application showing that he was ineligible for the drug treatment program because his offense involved a firearm; and (2) the BOP's policy statements.

Vinasco replied that he was being punished for conduct for which he was neither charged nor convicted. He distinguished Lopez, arguing that he differed from the petitioner in that case because the petitioner there had faced a sentencing enhancement for the firearm possession, but he had not.

The magistrate judge recommended denying habeas relief, finding that the BOP properly exercised its discretion in classifying certain offenses as ineligible for early release, that this discretion had been upheld in Lopez, and that Vinasco's offense of conviction fell within the list of offenses for which the BOP could preclude early release. The magistrate judge further found that the BOP's determination was reasonable because the PSI stated that Vinasco had been in possession of a firearm.

The district court adopted the recommendation over Vinasco's objections

4

and denied habeas relief. Vinasco filed his notice of appeal, and then filed a motion to amend judgment under Federal Rule of Civil Procedure 60(b)(3)(6), seeking to amend his complaint to explain that the firearm possession was not in connection with the conspiracy offense, as he carried the firearm with him at all times because he lived in a dangerous neighborhood. The court denied the motion.

## II. Standard of Review

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Sawyer v. Holder, 326 F.3d 1363, 1364 n.4 (11th Cir. 2003).

## III. Discussion

Vinasco argues that the BOP abused its discretion by denying him credit for participation in the drug treatment program because, according to Vinasco, he did not possess the firearm in connection with his conspiracy offense. He contends that, at the very least, the district court should have conducted an evidentiary hearing.

As an initial matter, Vinasco abandoned or waived two arguments. First, Vinasco no longer challenges whether the BOP had the discretion to deny early release. Accordingly, he has abandoned that argument. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998). Second, Vinasco requests an evidentiary hearing for the first time on appeal. Therefore, he has waived that argument.

Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1997) (holding that arguments raised for the first time on appeal are not considered by this court absent one of five exceptions).

Here, the district court properly determined that the BOP reasonably determined that Vinasco was ineligible for the early release credit. Under PS 5612.04, § 7(c)(3), the BOP is to consider the offense conduct in full. In this case, the PSI showed that Vinasco possessed the firearm at the time he was in possession of the money and the ledgers. Moreover, the sentencing court noted that Vinasco had a firearm but had not been charged with a firearm offense.

As stated, the BOP has the discretion to determine who is eligible for Bureau programs. In exercising its discretion, the BOP promulgated a program statement, which includes "[i]nmates whose current offense is a felony . . . that involved the carrying, possession, or use of a firearm" in its list of categories of inmates the BOP chose to exclude from eligibility. 28 C.F.R. § 550.58(a)(1)(vi) & (a)(1)(vi)(B). The Supreme Court has held that the BOP's Program statement is a reasonable exercise of administrative discretion because "§ 3621(e)(2)(B) demonstrates Congress's concern for pre-conviction behavior and, therefore, the BOP is justified in considering that behavior when making categorical exclusions." Lopez, 531 U.S. at 243; Walther v. Bauknecht, 155 F. App'x 463, 466 (11th Cir.

6

2005). Because the conduct – carrying a firearm "indicates a willingness to endanger the lives of others, the BOP's categorical exclusion is a reasonable interpretation of statutory intent because the statute states that only nonviolent offenders are eligible." Lopez, 531 U.S. at 243-44.

In light of the facts in the PSI, the district court's recognition that Vinasco had possession of a firearm at the time he was arrested for the conspiracy, and the BOP's discretionary authority, the BOP's determination that the firearm was possessed in connection with the underlying offense was reasonable. Accordingly, we AFFIRM.

**AFFIRMED.**